RUTH CAPLAN, Petitioner, *v.* ELIZABETH CAPLAN, Respondent.

Domestic Relations Court of New York, Family Court, New York County, January 2, 1942.

*Goldberg & Hatterer*, for the petitioner.

*Hess, Mela & Popkin* [*Lionel S. Popkin* of counsel], for the respondent.

SIEGEL, J. Heretofore an order was made by this court, on the 17th day of April, 1939, requiring the respondent, who is the paternal grandmother, to pay twelve dollars per week for the support of the infant petitioner. On the 22d day of November, 1940, this case was reserved generally, as an order was entered against the infant's father requiring him to deposit a cash bond in the sum of $750 to secure the necessary support for said infant. The $750 becoming exhausted, the father became involved with the Federal authorities and is now serving a sentence imposed by a Federal judge. Thereupon the petitioner, as the mother of the infant, moved this court for the reinstatement of the order heretofore made against the respondent, at the same time asking for an increase in the amount granted for the support of the child.

Before the commencement of the hearing, counsel for the respondent moved to suspend the order against the father. By consent, the motion was granted and the order in case No. 2350–38 was suspended.

The respondent asserts that as the mother remarried after obtaining a divorce in Arkansas against the father who had appeared in the divorce case, therefore, the stepfather alone is liable for the infant's support. The respondent calls attention to subdivision 5 of section 101 of the Domestic Relations Court Act of the City of New York, which is as follows:

" 5. The stepparent of a child is hereby declared legally chargeable with the support of a stepchild likely to become a public charge provided it is shown to the satisfaction of the court that such stepparent had knowledge of the child's existence at the time of said stepparent's marriage."

On the other hand, the petitioner claims that the respondent is obliged to support the infant in accordance with subdivision 3 of the same section, which is as follows: " Where the father of a child included in a petition for support is dead, or where the court, in its judgment, is unable to secure adequate support for such child from its parents, and the child's grandparents are of sufficient means to support it, said grandparents are hereby declared to be chargeable with the support of such grandchild and may be required to pay a fair and reasonable sum according to their means, as may be determined by the court."

The facts as found by this court establish that the grandmother is financially in a position to pay for the support of the child. She resides with another daughter and son-in-law on Central Park West. She has a monthly income of $330 and in addition thereto has stocks at the present market value of at least $3,000. She further testified that she pays no rent and has no expenses whatsoever except that occasionally she buys a gift for one of the grandchildren in the household where she resides. She also testified that the $330 per month now being received from a life insurance company would terminate in about two and one-half years.

The mother of the child remarried and the stepfather knew that the child was in the custody of the mother. The testimony as given by the stepfather and the mother has convinced this court that even though the obligation of the stepfather was to be held as contended by the respondent grandmother to be superior to that of the grandmother, this court would have to and does find from such testimony that the stepfather and the mother are in no financial condition to support the child. It appears that the stepfather for many years has been supporting his parents and that in order to be able to keep the two and one-half rooms occupied by him and his wife his brother lives with them and pays half of the rent. Proof was also offered and uncontradicted that the stepfather has had to pay out considerable sums for medical treatment of his wife and that some bills are yet unpaid.

We have here a case where the stepfather and the mother of the child reside in Boston, the grandmother continues to reside in New York city, and the child, because of its asthmatic condition, is residing at a New Jersey seashore resort. In *Anonymous* v. *Anonymous* (173 Misc. 679), cited by the respondent, it was held that the liability of the grandparents arose only when and if the court was unable to secure adequate support of the child from either or both of its parents. That authority fails to touch the problem presented in this case, namely, where the natural parents are unable to support the child, who is the next person to be called upon to sustain the obligation with respect to the child? Under subdivision 1 of section 101 of the Domestic Relations Court Act of the City of New York the primary obligation for the support of a child rests upon the father, and subdivision 2 provides for that obligation to be placed upon the mother but only in the event the father of the child is dead or is incapable of supporting his child or cannot be found within the State. As already found by me from the testimony, the mother possesses no financial means of her own and is unable to support the child. Subdivision 3 of section 101 of the Domestic Relations Court Act of the City of New York provides that if the child's grandparents are of sufficient means to support it they are declared to be chargeable with the support of said grandchild and may be required to pay a fair and reasonable sum according to their means as may be determined by the court. In *Matter of Calhoun* v. *Calhoun* (256 App. Div. 672) a *per curiam* opinion of the court said: " Where the parents of a child are unable to adequately provide for it, a grandparent of sufficient means may be held liable for the support of the grandchild."

The respondent contends that the stepfather should be required to support this child. With this view this court cannot agree. An examination of the statute shows that it was the intention of the Legislature that the order under which liability was to be fixed in a case of this kind is as follows: (1) The father of the child; (2) the mother of the child; (3) the grandparents of the child, and then, and only then, the stepparent of a child.

The courts have uniformly held that there is no attachment between stepfather and stepchild by way of kinship or blood relationship and that no moral obligation to maintain the child exists. In the case of *People ex rel. Deming* v. *Williams* (161 Misc. 573, 576) the court said: " At common law a parent was obliged to support his minor child. However, a husband was under no legal obligation to support the children of his wife by a former marriage (*Williams* v. *Hutchinson*, 3 N. Y. 312, 317), and because there was

no kinship or blood relationship, he was under no moral obligation to maintain them." On page 577 the court said: " Therefore, in order for a stepparent to be responsible for the support of a minor stepchild, it must be established that such stepchild is the recipient of public relief, * * * and that the stepparent is of sufficient ability to provide necessary support. Judge THOMPSON, writing for the court in the case of *People* (*Complaint of Coleman*) v. *Fermoile* (236 App. Div. 388), says: ' Section 125 of the Public Welfare Law does not impose an absolute duty on a stepfather to support his minor stepchild. It only requires him to furnish such support if he is of sufficient ability to do so, and the child is or is liable to become a public charge. The section is in derogation of the common law, and should be strictly construed. * * * The record fails to show the existence of the facts necessary to establish the responsibility of complainant's husband for the support of his wife's child under the provisions of section 125 of the Public Welfare Law, above mentioned.' "

Respondent has cited *Jones* v. *Jones* (161 Misc. 662). That case simply held that the fact that the father of a child is obligated for its support will not relieve a stepfather from the obligation imposed upon him under section 101 of the Domestic Relations Court Act of the City of New York. It did not involve the question of the liability of grandmother or grandfather.

The child has suffered during the past year from pneumonia and still has asthma. Because of the child's physical condition it now, as already stated, is living at a New Jersey shore resort.

The respondent also cites *Wagner* v. *Wagner* (257 App. Div. 307 [1st Dept. 1939]), which held that the court would reserve the question as to whether the right to continue an order such as was made in that case would exist where the persons reside permanently without the State. When this proceeding was originally brought the child and all the parties to the proceeding were residents here. To hold that this court has relinquished its jurisdiction because the child, being sick, is now in the State of New Jersey would be creating a precedent which even the Appellate Division has not been prepared to follow in *Wagner* v. *Wagner* (*supra*). The appellate court, in its opinion, reserves its opinion as to what it would do in the event that the question ever came before it.

That an order can be made in this court requiring the respondent to provide for the support and maintenance of the child, in view of the fact that the child is now sojourning away from and finds itself physically outside of the jurisdiction of this court, outside of the State of New York, was held in *Matter of Orlins* v. *Orlins* (159 Misc. 202).

This court reasserts that once the jurisdiction has attached this court has the power to order support, based on respondent's means, always subject to modification in the event of changing financial conditions.

The respondent also urges that proof must be offered that the child has, or would, become a public charge in the city of New York. Subdivision 3 of section 101, which holds the grandmother liable where the father and mother are unable to support the child, has no such condition.

Respondent cites *Matter of Larkin* v. *Larkin* (262 App. Div. 868) as an authority in her favor. This court has read the case on appeal. The petitioning mother was earning twenty-three dollars a week and she and her child did not require any additional assistance. The facts of the case are clearly distinguishable from the extant case. The *per curiam* memorandum did not recite all the facts. This court holds that the language of subdivision 3 of section 101 means the support should be, if granted, on a means basis, not on a public charge basis.

The order herein provided that the grandmother, respondent, was to pay the sum of twelve dollars per week. The child now being older in years, and its needs increased, this court makes its order requiring the respondent grandmother to pay the sum of fourteen dollars per week, commencing as of January 2, 1941.

Four copies of this memorandum are being filed with the original with the clerk of the court, who is hereby directed to mail one copy to the attorney for the petitioner and one copy to the attorney for the respondent.