In the Matter of FRANCES MERCER, Respondent, *v.* NELSON MERCER, Appellant.

First Department, December 6, 1966.

*Stanley N. Kutcher* for appellant.

*Patricia Zeserson* of counsel (*Seymour B. Quel* and *Milton L. Platt* with her on the brief; *J. Lee Rankin, Corporation Counsel*), for respondent.

*Per Curiam.* Husband appeals from an order of the Family Court directing him to pay $78.50 semimonthly to the Support Bureau of the Family Court. These sums will in turn be payable to the Department of Welfare in indemnification of similar payments made by the department to appellant's wife, the petitioner herein, and to his stepchild. The department instituted this proceeding in the name of the wife pursuant to section 102 of the Social Welfare Law.

Two questions are presented: was it proper to order the husband to indemnify the department for payments made for the support of his wife who had abandoned him, without proof that she is industrially incapacitated; and must the husband indemnify the department for the support of his stepchild with-

out proof that her natural father is unable to furnish such support. It is concluded that the Family Court held correctly that both questions should be answered in the affirmative.

It is conceded that when the husband married the wife he knew that she had two daughters. Both children joined the marital household and the family remained together for approximately two years. During that time, the wife, who is a professional musician, continued to work. The relationship, however, disintegrated and in November of 1964, the wife left the husband, taking her two daughters.

The wife continued to work after the separation but when her older daughter, who had helped with expenses, left for school in Ohio and the wife was unable to find local work, she was forced to seek public assistance. The wife was unwilling to accept out-of-town bookings because she did not want to leave her remaining daughter, who was 14 years old. The department paid the wife $78.50 in semimonthly installments and instituted this proceeding in order to obtain indemnification from the husband. The Family Court issued an order finding that the wife is entitled to support from her husband on a public charge basis only and ordered the husband to indemnify the department for any payments made by it to the wife.

The determination of the Family Court that the husband should indemnify the department for its payments to the wife even though there is no proof that she is " industrially incapacitated " comports with the purpose of the applicable statute and the facts of the case. Section 415 of the Family Court Act provides that certain named relatives of a recipient of public assistance are responsible for the support of such person and that a court may " in its discretion " require " any " such relative to contribute a " fair and reasonable sum " for the support of the public charge. There is no statutory requirement that the recipient must be " industrially incapacitated." *

Such a condition would contravene one of the basic purposes of both the State and Federal social welfare laws. The wife has explained that she has declined work which would require travel because she could not properly care for her child under those

---

* Section 415 of the Family Court Act provides: " The husband, wife, father, mother, grandparent or child of a recipient of public assistance or care or of a person liable to become in need thereof, if of sufficient ability, is responsible for the support of such person. In its discretion, the court may require any such person to contribute a fair and reasonable sum for the support of such relative and may apportion the costs of such support among such persons as may be just and appropriate in view of the needs of the petitioner and the other circumstances of the case and their respective means. Step-parents shall in like manner be responsible for the support of minor children."

circumstances. Payments to the wife were made pursuant to section 343 *et seq.* of the Social Welfare Law, known as the " Aid to Dependent Children " program. That program includes support for a parent, " if in need and in the home ", in order " to enable the father, mother or other relative to bring up the child or minor properly " (§ 350, subd. 1, par. [a]). The purpose of this section would be thwarted if, in a proper case, public assistance were refused on the ground that the parent could obtain employment outside the city and away from the children.

The father argues further that he should not be required to support his stepdaughter as there is no evidence that her natural father is unable to do so. The statutory predecessors of section 415 provided that " parents, step-parents or grandparents " of a dependent minor who was likely to become a public charge were all " severally chargeable " for support and that the court was to determine and apportion the amount that " each such person " would be required to contribute (Children's Ct. Act, § 31; Domestic Relations Ct. Act, § 101). Both statutes were interpreted as specifying an order of liability among the relatives and the stepfather's duty was usually held to arise at or near the end of the line (e.g., *Caplan* v. *Caplan,* 177 Misc. 847).

But section 415 now permits the court to require " any such person " (including stepfathers) to contribute to the support of the minor. Therefore, any of the enumerated relatives, who are of sufficient financial ability, may be held solely liable, in the first instance, for support, without the necessity of seeking out all responsible persons and applying an order of apportionment (see *Matter of Lister* v. *Sheridan,* 33 Misc 2d 650, 651 [MEYER, J.], for a parallel interpretation of an analogous statute, namely, § 102 of the Social Welfare Law).

Accordingly, the order should be affirmed, without costs or disbursements to either party.

BREITEL, J. P., McNALLY, STEVENS, STEUER and CAPOZZOLI, JJ., concur.

Order, entered on May 16, 1966, unanimously affirmed, without costs or disbursements to either party.