■    In the Matter of RONALD B. HACKETT, as Commissioner of the Cattaraugus County Department of Social Services, Respondent, v HOWARD F. HAYNES, Appellant.—Order unanimously reversed, with costs, and matter remitted to Cattaraugus County Family Court for further proceedings in accordance with the following memorandum: Respondent left his wife and two children in late April, 1978, and she applied to petitioner, the Commissioner of the Department of Social Services, for public assistance. Petitioner began to advance such assistance to the wife and children on May 12, 1978. On June 15, 1978 he filed a petition in Family Court, alleging that the wife

had assigned to him all her rights to the receipt of support from respondent for herself and children, and he asked for an order directing respondent to pay him for the support which he had furnished and expected to furnish to the wife and children. On the return date of the petition, June 30, respondent admitted that his wife and children were receiving support from petitioner and that he was employed, earning nearly $110 per week "take-home pay". Upon his statement that he was about to be placed on vacation without pay for two weeks, the court adjourned the matter to July 14 without directing him to make any payment. On the adjourned date respondent acknowledged that he was working, and the court indicated an intention to require him to pay $30 per week to petitioner for the support of his wife and children. The court was then advised that respondent had reconciled with his family and was again living with them and supporting them, and so no order of support was made. Thereupon, petitioner's representative advised the court that petitioner had advanced $922.57 for the support of respondent's wife and children since May 12, 1978, and he asked the court to require respondent to make reimbursement. Upon such statement the court, without more, found that respondent owed petitioner that sum for assistance furnished to his wife and children and made an order requiring respondent to repay that sum to petitioner by weekly installment payments of $10 each, and the court authorized that a payroll deduction order be issued therefor. Respondent contends that Family Court lacks jurisdiction to order him to repay prior public assistance granted to his dependents, because it is a court of limited jurisdiction and lacks authority to order repayment of assistance advanced before the date of the filing and service of a petition for support. That is correct *(Matter of Mouscardy v Mouscardy,* 63 AD2d 973, 975; *Clune v Clune,* 57 AD2d 256; *Matter of Hagadorn,* 11 Misc 2d 51). Family Court does, of course, have jurisdiction to order payment for current and future support *(Matter of Mercer v Mercer,* 26 AD2d 450; Family Ct Act, §§ 415, 422); but an action to recover from a responsible spouse prior expenditures made on behalf of his dependents must be brought in an appropriate court of law *(Hodson v Holmes,* 162 Misc 226; *Matter of Schaus v Scott,* 90 Misc 2d 887, 889; *Smith v Smith,* 48 Misc 2d 895, 897; *Matter of Matthews v Matthews,* 15 Misc 2d 419, affd 11 AD2d 813; Social Services Law, §§ 102, 104). Even with respect to a petition for an order directing a husband to pay for the current and future support of his family, however, no such order may be made except upon a showing that he is "of sufficient ability", during the period that such public assistance is furnished, to pay the amount ordered *(Matter of Dumpson v Cembalist,* 23 AD2d 647; *Matter of Liddle v Roberts,* 15 AD2d 620; *Whalen v Downs,* 10 AD2d 148, 150; Family Ct Act, §§ 415, 442). Moreover, in any such proceeding respondent is entitled to an opportunity to be heard in respect thereof (Family Ct Act, § 433). Because the court took no evidence as to the amount due to the petitioner and the precise time periods involved and respondent's ability to pay at such times, and because it appears to have included in its order assistance advanced before the petition was filed and served, the order must be reversed, without prejudice to petitioner to present evidence in support of the petition. (Appeal from order of Cattaraugus County Family Court—support.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.