■ In the Matter of RICHARD H. DUQUETTE, as Commissioner of Social Services of Clinton County, Respondent, v CHARLES G. SANDERSON, Appellant. — Appeal from an order of the Family Court of Clinton County (Feinberg, J.), entered March 11, 1981, which directed respondent to pay $20 per month to reimburse the Department of Social Services for assistance paid to respon-

dent's wife. Petitioner Richard Duquette, Commissioner of Social Services of Clinton County, commenced this proceeding requesting modification of a support order, which had been entered on December 9, 1976. The petition was based upon petitioner's allegation that respondent "although claiming to be separated and ostensibly living separately and apart from his wife, has managed to procreate two additional children", and sought to modify the December 9, 1976 support order by requiring respondent to reimburse the Clinton County Department of Social Services for the reasonable expenses of respondent's wife's pregnancies with respect to the two additional children. Following a hearing at which it was established that the county had paid $2,526.03 in assistance to respondent's wife in connection with the birth of the two children, the court ordered respondent to reimburse the Department of Social Services for the support paid at the rate of $20 per month. This appeal ensued. There should be a reversal. As respondent contends, Family Court is without jurisdiction to order respondent to reimburse the Department of Social Services for assistance given to his wife in connection with the birth of the two children (*Matter of Hackett v Haynes,* 70 AD2d 1051). "Family Court does, of course, have jurisdiction to order payment for current and future support * * * but an action to recover from a responsible spouse prior expenditures made on behalf of his dependents must be brought in an appropriate court of law" (*Matter of Hackett v Haynes, supra,* p 1052). Family Court is not the proper forum to obtain the relief requested in the petition. Order reversed, on the law, without costs, and petition dismissed. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.