■ In the Matter of DAVID T. HARMER, Appellant, v ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.—Harvey, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered December 5, 1985, which, *inter alia,* found petitioner liable for confinement and/or pregnancy expenses in the sum of $807.88.

In February 1978, a baby was born out of wedlock to Ruthann Antwine. Costs related to the mother's pregnancy and the child's birth were provided by various public assistance programs. Subsequently, respondent brought a petition on behalf of Antwine seeking an order of filiation, costs related to the pregnancy and birth, and support. A filiation order was entered against petitioner and he was ordered to inform respondent if he obtained employment. The order also set medical and confinement expenses at $6,143.33, but attempts to collect these costs were held in abeyance due to petitioner's unemployment.

Petitioner subsequently married Antwine and obtained employment. He failed, however, to notify respondent of his employment status. In September 1984, respondent notified petitioner that he was to commence payment on the amount established in the filiation order. Petitioner then commenced this proceeding seeking modification of the filiation order so as to discharge him from the purported liability. Respondent cross-petitioned to require petitioner to pay $19 per week toward the amount due. Petitioner subsequently moved for summary judgment nullifying the filiation order on the grounds that Family Court had no jurisdiction over the matter and that respondent was not authorized to pursue collection against petitioner. Family Court partially granted the summary judgment motion; however, the court held that petitioner was liable for pregnancy and confinement expenses in the amount of $807.88. The court then ordered a hearing to determine a suitable method of payment. Petitioner appealed.

Petitioner asserts that Family Court did not have jurisdiction to consider respondent's claim on behalf of Antwine for the reasonable costs related to her pregnancy. We cannot agree. Family Court is clothed with power to assess the father with liability for the reasonable expenses related to the mother's pregnancy, confinement and recovery *(see,* Family Ct Act § 514). Petitioner's reliance on *Matter of Duquette v Sanderson* (90 AD2d 619) and *Matter of Hackett v Haynes* (70 AD2d 1051) is misplaced. Those cases involved retroactively directed support payments purportedly pursuant to Family Court Act article 4 and do not apply to this proceeding for confinement

expenses brought under Family Court Act article 5. The court's original determination of the amount of expenses was modified downward so as to include only pregnancy expenses of the mother and not support payments for the child.

Nor are we persuaded by petitioner's contention that respondent was without authority to seek recovery of the confinement expenses at issue. A public welfare official is authorized to bring a proceeding on behalf of a mother to seek reimbursement of public assistance from a responsible relative (see generally, 63A NY Jur, Welfare and Social Security, §§ 413-414 [1978]).

Petitioner's other contentions have been considered and found meritless. At the hearing ordered by Family Court, petitioner will have the opportunity to urge those policy considerations afforded generally to persons of his financial status.

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.