OPINION OF THE COURT
Judith Sheindlin, J.
This is a proceeding commenced by the Commissioner of the *610 Orange County Department of Social Services (hereinafter referred to as DSS) to recoup sums expended for the care and maintenance of respondent father’s two children who were placed in custody of DSS by the Family Court (Orange County) as a result of juvenile delinquency proceedings in 1984 and 1985. The respondent filed objections to the Hearing Examiner’s order requiring him to reimburse DSS for maintenance and care while his children are in placement.[1] The objections are before the court for review (Family Ct Act § 439 [e]).
The boys’ parents were divorced and each remarried. The respondent and his present wife reside in New York County; the children’s mother and her present husband reside in Orange County.[2] Pursuant to the divorce decree, respondent was required to pay monthly child support.[3] The Hearing Examiner found that during all or most of the boys’ placement, respondent paid the support ordered by the decree directly to DSS, and that the mother had also made some payments to DSS.
The Hearing Examiner found that the cost to DSS of the boys’ care and maintenance was $87,182.29 over and above payments to DSS by both parents, and that this cost for the boy who continues in placement is $3,000 per month.
In determining respondent’s obligation, the Hearing Examiner found that the father’s net weekly surplus of income over expenses is at least $60.62. Concluding that both parents could not jointly satisfy DSS’s expenses for the boys’ care and maintenance, the Hearing Examiner ordered respondent to reimburse half of the expenses ($43,591.15), plus retroactive support to the date of the petition, for a total of $50,351.15.[4] The amount is payable at the rate of $260 per month.[5]
Objecting to the Hearing Examiner’s order, the respondent argues, in essence, that: the children’s mother is a necessary party to the proceeding; the support should be apportioned between the mother and the stepfather; and the father should not be required to pay for the children’s institutionalization *611 resulting from juvenile delinquency proceedings since, inter alia, the father was not a party thereto. Respondent also objects to the amount of the support order, disputing the Hearing Examiner’s findings as to his income and expenses.
The objections raise the following issues: Are parents liable for the cost of the care and maintenance of their children placed with the Commissioner as a result of a delinquency proceeding? Are they jointly and severally liable? Must the Commissioner proceed against both parents and stepparents? Should the Family Court, on review, credit the Hearing Examiner’s findings as to respondent’s financial ability and the determination as to the 50% support liability.
Family Court Act § 234 (b) empowers the court to order the parent or other person having the duty to support a child detained, placed or committed as a result of a juvenile delinquency proceeding to pay in whole or in part the cost of his care and maintenance.[6] Since the respondent has a duty to support his children (Family Ct Act §§ 413, 415) that statute is applicable and the court may properly order that the respondent reimburse DSS for the care and maintenance resulting from his sons’ placements.
Respondent’s argument that he should not be held responsible since he was not a party to the delinquency proceedings is untenable. The constitutionality of the statute (Social Services Law former § 233) was upheld by this State’s highest court. (Matter of Jesmer v Dundon, 29 NY2d 5 [1971].) Further, parents are not parties to juvenile delinquency proceedings. The boys’ placements resulted from dispositional hearings pursuant to which the court determined that placement was necessary in the children’s best interests. If the respondent believes that the disposition should be vacated or modified, the proper forum is Orange County.
Nor need the Commissioner proceed against the mother and/or stepfather or apportion liability. Family Court Act § 415 provides, in pertinent part, that parents and stepparents of dependent children under the age of 21 may be required to contribute to their children’s support. The Commissioner need not proceed against all responsible parties. Any of the enumerated relatives, if of sufficient financial ability, may be held *612 solely liable in the first instance. (Matter of Mercer v Mercer, 26 AD2d 450 [1st Dept 1966].) The Hearing Examiner could have found respondent liable for the entire cost of care and maintenance. Since the petitioner is not objecting to the order of the Hearing Examiner, this court will not substitute an order for the entire amount.
Lastly, respondent objects to the Hearing Examiner’s findings regarding his income. Over the course of several months and numerous court appearances the Hearing Examiner heard extensive testimony as to respondent’s income and expenses and that of his corporation. The Hearing Examiner concluded that in the light of accounting practices of the corporation and the respondent’s testimony, the court could give "little credibility to his testimony concerning his present financial status”. It was the Hearing Examiner, and not the reviewing court, that had the unique opportunity to evaluate the demeanor and credibility of the parties and witnesses throughout this long proceeding. Giving the respondent the benefit of every doubt, the Hearing Examiner determined that "[Respondent has a weekly surplus of at least $60.62”. The record supports that finding.
Therefore, the objections are denied.

. Since the last date of the support hearing one of the boys was returned home to his mother.

. This proceeding was transferred to New York County as a result of respondent’s motion for a change of venue.

. The boys’ mother initially petitioned for upward modification of child support, but later withdrew her petition.

. This amount is in addition to the amount pursuant to the divorce decree.

. $60 per week X 4.333.

. Family Court Act §234, which covers compensation for support in counties outside the City of New York, is applicable in this case since the juvenile delinquency proceedings were in Orange County. Family Court Act § 235, which is similar, applies to counties within the City of New York.