In the Matter of CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of LYNN YY., Respondent, v THOMAS ZZ., Appellant.

Third Department, October 20, 1988

**APPEARANCES OF COUNSEL**

*Chernin & Gold (Bruno Colapietro* of counsel), for appellant.

*Mary E. Leonard* for respondent.

**OPINION OF THE COURT**

MERCURE, J.

A child was born out of wedlock to Lynn YY. on February 22, 1977. In February 1986, petitioner, on behalf of the mother, initiated this paternity proceeding against respondent. At an August 1986 Family Court hearing, the mother was the sole witness, testifying that she had a menstrual period from about May 18 or 19 to May 23, 1976 and that on May 18 or 19, 1976 she had sexual relations with Howard Lindh. The mother testified that between May 19, 1976 and June 16, 1976, the date she expected her next period to begin, she had sexual relations only with respondent. She specifically recalled having intercourse with respondent without the use of contraceptives on the night of May 30 to May 31, 1976 and said that sometime after June 16, 1976 she resumed sexual relations with Lindh. Also admitted into evidence were the

results of a human leucocyte antigen (HLA) blood tissue test, which, together with other blood tests, yielded a resulting possibility of paternity of 97.54%. Although it is not entirely clear when the mother told petitioner that respondent had fathered her child, she did testify that petitioner had been advised before 1980.

■ Family Court denied respondent's motion to dismiss and made a finding of paternity, crediting the mother's undisputed testimony that she had sexual relations with respondent on May 30 to May 31, 1976 and that this was the critical period of conception. Thereafter, a Hearing Examiner found that respondent was responsible for the $1,019.88 in confinement expenses incurred by petitioner in connection with the child's birth. Family Court upheld the Hearing Examiner's findings, holding that the mother did not have the means to contribute since she was on public assistance at the time of the child's birth and for most of the ensuing period. Respondent appeals.*

■ In our view, Family Court correctly found that petitioner proved respondent's paternity by clear and convincing, entirely satisfactory evidence (see, Matter of Jane PP. v Paul QQ., 65 NY2d 994, 996). We reject respondent's argument that petitioner failed to meet its heavy burden of proof by virtue of the mother's admission that she had sexual relations with Lindh as late as May 19, 1976 and again sometime after June 16, 1976 (see, Matter of Commissioner of Saratoga County Dept. of Social Servs. v David Z., 133 AD2d 882; Matter of Duquette v Edward FF., 106 AD2d 694, lv denied 65 NY2d 602 [sex with man other than the respondent did not occur within crucial period or occurred with birth control device]; cf., Matter of Terri OO. v Michael QQ., 132 AD2d 812).

A finding of paternity rests essentially on the resolution of the parties' credibility (Matter of Otsego County Dept. of Social Servs. v Thomas N., 137 AD2d 892, 893) and since Family Court had the advantage of observing the mother's testimony first hand (see, Matter of Morris v Terry K., 60 AD2d 728, 729), we will not disturb Family Court's findings that the mother had sexual relations with respondent on May 30 to May 31, 1976 and that her intimacy with Lindh did not occur during the critical period. Moreover, because respondent failed to

---

* [1] Respondent's appeal from Family Court's order of filiation must be dismissed since this order is not appealable as of right in this case (see, Matter of Jane PP. v Paul QQ., 64 NY2d 15). The issue of paternity is, however, properly before this court on respondent's appeal from the final order establishing his liability for confinement expenses (see, supra).

testify on his own behalf, the strongest inferences allowed by opposing evidence may be drawn against him on matters he would be in a position to controvert *(see, Matter of Reidy v Jeffrey K.,* 125 AD2d 825, 826). Further, testimony in paternity proceedings may be corroborated by hospital records *(Matter of Commissioner of Social Servs. v Philip De G.,* 59 NY2d 137, 140-141), which here lend support to the mother's testimony as to the time of her last menstrual period.

The evidence of a normal period of gestation *(see, Matter of Morris v Terry K., supra,* at 729), of the occurrence of the mother's last menstrual period from May 18 or 19 to May 23, 1976, and the birth of the child on February 22, 1977 supported Family Court's finding that conception most likely occurred in the last few days of May 1976. Additionally, the circumstances presented here permitted Family Court to find that the HLA test results established paternity by clear and convincing evidence.

◼ Nor are we persuaded by respondent's argument that petitioner should be estopped from seeking reimbursement because it waited several years after learning of respondent's alleged paternity to initiate this proceeding. Family Court Act § 517 (as amended by L 1985, ch 809, § 21 and as applied to all subject children who are under 21 on November 1, 1985 [L 1985, ch 809, § 38 (a)]) provides that a paternity proceeding may be instituted until the child reaches age 21. A paternity proceeding is a creature of statute, an action at law, and laches applies only to equitable causes of action; therefore, laches cannot bar a paternity proceeding commenced within the statutory limitation period *(see, Department of Social Servs. v Dinkins,* 110 Misc 2d 673, 674).

Although New York courts have not hesitated to apply the principle of equitable estoppel to bar a denial of paternity of a child born during wedlock *(see, Matter of Sharon GG. v Duane HH.,* 95 AD2d 466, *affd* 63 NY2d 859; *Matter of Ettore I. v Angela D.,* 127 AD2d 6), these cases are clearly distinguishable from the situation at bar and respondent's reliance upon them is misplaced. "In each of these cases, utilization of the defense of estoppel effectively thwarted the destruction of an existing parent-child relationship and concomitantly protected the child from the additional stigma of being branded illegitimate" *(Matter of Ettore I. v Angela D., supra,* at 13). We conclude that the doctrine of estoppel should not be applied here.

■ Last, respondent's contention that Family Court abused its discretion in assessing him with the full responsibility for the mother's reasonable confinement expenses is similarly unavailing. In a paternity proceeding, Family Court has discretion to assess the father with liability for such reasonable expenses related to the mother's pregnancy, confinement and recovery as the court deems proper *(Matter of Harmer v St. Lawrence County Dept. of Social Servs.,* 126 AD2d 891; *see,* Family Ct Act § 514; *see also,* Family Ct Act § 545). We find, under the facts and circumstances present here, that Family Court's determination was properly within its sound discretion and, therefore, should not be disturbed.

MAHONEY, P. J., KANE, CASEY and YESAWICH, JR., JJ., concur.

Appeal from order entered August 28, 1986 dismissed, without costs.

Order entered August 17, 1987 affirmed, without costs.