■ In the Matter of TONI M. BOSSARD, Respondent, v CHARLES F. BOSSARD, Appellant.—Yesawich, Jr., J. Appeal from an order of the Family Court of Cortland County (Mul-

len, J.), entered October 27, 1989, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay for support of petitioner.

The parties lived together with petitioner's two children for 14 months before marrying on July 3, 1986. A month and a half before their marriage, respondent suffered a heart attack. In either June or July of that year, petitioner obtained a $2,500 debt consolidation loan to cover the family's living expenses. One year later, she obtained a third mortgage on her home in the amount of $12,264 to satisfy outstanding credit card obligations, also claimed to have been incurred for the family's living costs, and to discharge some of respondent's medical expenses.

Respondent left the marital home in 1988 and petitioner thereafter commenced this proceeding seeking spousal support. The Hearing Examiner determined that petitioner had obligated herself to $4,300 of the second debt prior to her association with respondent. After the parties' separation, petitioner declared bankruptcy and cleared $20,000 in debt. Respondent was ordered to contribute one fourth of the amount of the first loan ($2,500) and one fourth of the amount of the third mortgage less petitioner's $4,300 prior obligation, for a total weekly spousal support payment of $23.15. Family Court thereafter rejected the objections respondent filed to that determination. Respondent appeals; we affirm.

Respondent maintains that petitioner's claim, that the money from the loans was used for living expenses incurred by the family during the marriage, is not borne out by documentary evidence. It is not without significance, however, that petitioner on cross-examination testified that she could probably secure documentation if it was required, but that she was not asked to do so. Beyond that, we agree with Family Court's observation that "the record is adequate to justify the Hearing Examiner's allocation, especially in light of the Hearing Examiner's superior capacity of observation as the tribunal of first instance". And respondent's contrary view notwithstanding, the fact that petitioner mismanaged the parties' finances during the marriage does not, without more, preclude a support award (cf., Stevens v Stevens, 107 AD2d 987, 988).

There is force though in respondent's contention that Family Court could not order him to satisfy one fourth of the credit union and mortgage loans because they were incurred before the support petition was filed (see, Matter of Hackett v Haynes, 70 AD2d 1051, 1052; Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 449,

at 333). Here, however, the order specifically directed respondent to contribute only toward current and future loan installment payments; that directive was well within the court's jurisdiction *(see, Matter of Hackett v Haynes, supra,* at 1052). Accordingly, there was no error.

Lastly, respondent's assertion that he should be relieved of his obligation on the mortgage loan because the underlying debt has been discharged is a matter more appropriately addressed on a motion to modify the support order *(see,* Family Ct Act § 451).

Order affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.