■ In the Matter of EARL COSTELLO, as Commissioner of the Washington County Department of Social Services, on Behalf of MICHELE STARK, Respondent, v JOSEPH GEISER, Appellant. [604 NYS2d 288] —Weiss, P. J. Appeal from an order of the Family Court of Washington County (Berke, J.), entered June 24, 1992, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay medical expenses associated with the birth of his child.

The sole issue on this appeal is whether respondent, the father of a child born out of wedlock, must bear the *actual* cost of the confinement and care provided to the unwed mother and child by the hospital and such other reasonable expenses incurred in connection with the pregnancy as Family Court in its discretion may deem proper or whether he must reimburse the Washington County Department of Social Services for the full amount it paid to the hospital. Family Court rejected respondent's objections to the findings of fact and order of the Hearing Examiner and, pursuant to Family Court Act article 4, ordered full reimbursement to petitioner for the hospital bill and, in an amended order, for the amount paid to physicians. Respondent has appealed.

Respondent readily concedes he is liable for the reasonable expenses incurred in the care of the mother and child, which he contends are evidenced by itemized bills he obtained from the hospital for the mother ($569.07) and child ($213), and the doctor Adirondack Mountain Family Practice ($1,037). However, the hospital bills petitioner paid and for which reimbursement from respondent is sought total $3,181.30. Respondent does not dispute the fact that petitioner paid said amount on behalf of the mother, who sought Medicaid assistance as an indigent person and which assistance was calculated on a formula based on diagnosis-related groups (hereinafter DRG) *(see,* Public Health Law § 2807-c [3]). Rather, he contends that the bill exceeds the actual cost of services because of subsidies the Medicaid system requires be paid to a pool used to defray losses sustained from bad debts or charity

care. Respondent argues that he should have to pay only the actual dollar costs of the services provided by the hospital. In response, petitioner, as assignee of the mother's right to collect medical expenses from respondent *(see,* Social Services Law § 366 [4] [h] [1]), contends that the amount billed and paid by petitioner reflects several components which comprise the hospital expenses and is reasonable.

The sole basis of support for respondent's contention is found in Family Court Act § 514, which states that he is "liable to pay the *reasonable expenses* of the mother's confinement and recovery and such *reasonable expenses* in connection with her pregnancy as the *court in its discretion* may deem proper" (emphasis supplied; *see, Matter of Harmer v St. Lawrence County Dept. of Social Servs.,* 126 AD2d 891). We disagree. The State was required to seek reimbursement for the amount expended (42 USC § 1396a [a] [25] [B]). "In fact, every person seeking Medicaid assistance is required to assign to the State his or her rights to medical expenses [recoverable] from any 'third parties' and to cooperate with the State in *seeking recoupment of those expenses" (Matter of Steuben County Dept. of Social Servs. v Deats,* 76 NY2d 451, 455 [emphasis supplied] [citations omitted]; *see,* 42 USC § 1396k [a] [1] [A], [B]; *see also, Social Services Law § 366 [4] [h]). The State is subrogated to the extent of its expenditures* for medical care furnished (Social Services Law § 367-a [2] [b]). Inasmuch as respondent concedes that the mother selected the particular hospital and applied for Medicaid assistance, and further that petitioner actually paid the hospital $3,181.30 for expenses in connection with the birth of his child *(see,* Public Health Law § 2807-c) and $1,037 to Adirondack Mountain Family Practice for the physician's bill, we cannot say that Family Court abused its discretion by requiring repayment of these expenses *(see, Matter of Steuben County Dept. of Social Servs. v Deats, supra; Matter of Cortland County Dept. of Social Servs. v Thomas ZZ.,* 141 AD2d 119, 123).

Mikoll, Yesawich Jr., Crew III and White, JJ., concur. Ordered that the order is affirmed, without costs.