■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, COUNTY OF FRANKLIN, on Behalf of THERESA PP., Appellant, v RONALD QQ., Respondent. [619 NYS2d 364] —Crew III, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered April 6, 1993, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to reimburse petitioner for medical expenses incurred for the birth of respondent's child.

Respondent and Theresa PP., who are not married to each other, are the parents of two children, Ronald and Michael. At the time of Ronald's birth in December 1991, the mother apparently was receiving Social Security benefits and, as such, was eligible for Medicaid assistance. Although respondent also had been receiving Social Security benefits, it appears that respondent was gainfully employed at the time of Ronald's birth. Respondent apparently executed a voluntary paternity agreement in March 1992 and an order of filiation subsequently was entered. Thereafter, in July 1992, petitioner commenced the instant proceeding seeking, *inter alia,* an order directing respondent to reimburse petitioner for $4,261.61 in medical expenses related to Ronald's birth. At the conclusion of the hearing that followed, the Hearing Examiner found that it would be an abuse of discretion to direct respondent to pay the birth-related expenses inasmuch as, *inter alia,* respondent and the mother were members of the same household and the mother was Medicaid-eligible at the time such expenses were incurred. Family Court upheld the Hearing Examiner's determination and this appeal by petitioner followed.

We affirm. It is well settled that "Family Court has discre-

tion to assess the father [of a child born out-of-wedlock] with liability for such reasonable expenses related to the mother's pregnancy, confinement and recovery as the court deems proper" *(Matter of Cortland County Dept. of Social Servs. v Thomas ZZ.*, 141 AD2d 119, 123; *see, Matter of Lisa M. UU. v Mario D. VV.*, 78 AD2d 711; *see also,* Family Ct Act § 545). In his reply brief, petitioner concedes that assessing liability for birth-related medical expenses in matters such as this lies within Family Court's discretion but contends that the court did not appropriately exercise that discretion here. We cannot agree. In concluding that it would be inappropriate to order respondent to reimburse petitioner for the mother's birth-related medical expenses, the Hearing Examiner took into consideration the fact that respondent and the mother resided in the same household, that respondent not only provided support to both Michael and Ronald but elected to obtain employment rather than collect Social Security benefits, and, finally, that the mother would have been eligible for Medicaid benefits even if she and respondent had been married, i.e., this was not an instance where the recipients of assistance were attempting to manipulate their marital status to obtain benefits to which they otherwise would not be entitled. Under these particular circumstances, we cannot say that Family Court abused its discretion in upholding the Hearing Examiner's determination in this regard. Petitioner's remaining contentions, including its assertion that Family Court's order is in conflict with the Court of Appeals' recent decision in *Matter of Steuben County Dept. of Social Servs. v Deats* (76 NY2d 451), have been examined and found to be lacking in merit.

Mikoll, J. P., Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.