■ In the Matter of ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of LEO NOVAK, Appellant, v STELLA NOVAK, Respondent. [629 NYS2d 301] —Casey, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered April 7, 1994, which, in a proceeding pursuant to Family Court Act article 4, granted respondent's motion to dismiss the petition for lack of subject matter jurisdiction.

Petitioner pays Medicaid benefits to respondent's husband,

who resides in a nursing home. The initial determination of eligibility also found that respondent, as the "community spouse", was entitled to more than $500 per month from her husband's income (*see,* Social Services Law § 366-c). Among the resources disclosed by respondent and her husband was a trust, established by respondent's niece in September 1991, with respondent, as the beneficiary, entitled to all of the net income of the trust in such amount as the trustee deems necessary to maintain respondent's present standard of living, together with such sums from the trust principal as the trustee deems appropriate for such purpose. Respondent's niece is named as both grantor and trustee in the trust agreement. Shortly after making the initial determination of eligibility, petitioner requested further information from respondent concerning the principal and income of the trust. When respondent failed to comply with the request, petitioner, as the assignee of respondent's husband, commenced this proceeding which seeks, *inter alia,* to compel respondent to furnish fair and reasonable support for her husband. Respondent moved to dismiss the petition. Family Court granted the motion based upon lack of subject matter jurisdiction, resulting in this appeal by petitioner.

On appeal, petitioner cites Social Services Law §§ 101 and 369 (3) as the statutory authority for this proceeding. Social Services Law § 369 (3) authorizes petitioner to commence an action to obtain reimbursement from certain trust assets for the costs of medical assistance furnished to the creator or the creator's spouse. The statute does not specify the court in which the action should be commenced.

"Family Court is indisputedly a court of limited jurisdiction and cannot proceed beyond the powers specifically accorded it" (*Matter of Bell v Bell,* 116 AD2d 97, 99 [citations omitted]). Provisions authorizing recoupment of public assistance are generally premised on an implied contract to repay (*see, Hoke v Ortiz,* 83 NY2d 323, 328, *cert denied* — US —, 115 S Ct 182), and Family Court lacks jurisdiction to enforce contracts (*see, Matter of Arnold v Fernandez,* 184 AD2d 805, 806). Pursuant to Family Court Act § 449, Family Court is not authorized to order reimbursement for expenditures made prior to the filing of the petition (*see, Matter of Toft v Frisbie,* 122 AD2d 456, 458). We conclude that Family Court lacks subject matter jurisdiction over an action pursuant to Social Services Law § 369 (3). Having so concluded, we do not reach the question of the meaning of the term "creator" used in the statute, except to note that the term is broadly defined in EPTL 1-2.2 (*see,* 9 Rohan, NY Civ Prac ¶ 1-2.2 [1]).

Family Court clearly has jurisdiction to enforce the spousal support obligation (*see*, Family Ct Act §§ 411, 412; Social Services Law § 101). Accordingly, insofar as the petition concerns spousal support from the date of the filing of the petition, the issue is not one of jurisdiction but whether the petition states a valid claim.

Respondent contends that she can have no obligation to support her husband pursuant to Social Services Law § 101 unless she has sufficient means to do so. According to respondent, she necessarily lacks sufficient means to support her husband because petitioner has determined that as the "community spouse" respondent is entitled to more than $500 per month of her husband's income to meet her needs. Petitioner, however, made the determination based upon information disclosed by respondent and her husband. This proceeding was commenced only after respondent refused to disclose additional information about the trust. If, as petitioner contends, the requested information about the trust could reveal an additional resource available to respondent, the spousal support obligation would be affected, either by reducing the amount that respondent's husband, who assigned his rights to petitioner, must contribute to respondent's needs pursuant to his obligation to support her or, if the additional resource is large enough, by revealing that respondent has sufficient means to contribute to her husband's care pursuant to her obligation to support him.

The only potential additional resource claimed by petitioner is the trust. Respondent contends that the petition is insufficient as a matter of law because no part of the trust can be considered an available resource except the income actually distributed by the trustee in the exercise of the discretion granted by the trust agreement (*see*, 18 NYCRR 360-4.10 [b] [2] [v]). Petitioner counters by arguing that if respondent or her husband contributed assets to the trust, the trust is subject to the rules governing Medicaid-qualifying trusts (*see*, 18 NYCRR 360-4.5). The relevant regulation contains different provisions concerning Medicaid-qualifying trusts, which are applicable depending upon the date when the trust was created.* Comparison of the provisions applicable to the trust at issue in this case (*see*, 18 NYCRR 360-4.5 [a]) with those applicable to trusts established on or after the relevant date (*see*, 18 NYCRR 360-4.5 [b]) establishes the lack of merit in petitioner's claim that if respondent and/or her husband contributed assets to

---

* The separate treatment accorded by the regulation is the result of changes in the controlling Federal law (*see*, Pub L 103-66, enacting Revenue Reconcilation Act of 1993 § 13611).

the trust principal, the trust is a Medicaid-qualifying trust. Neither respondent nor her husband established the trust and neither is the grantor, as required for trusts created prior to August 11, 1993 (18 NYCRR 360-4.5 [a]). We conclude, therefore, that the only theory relied on by petitioner is insufficient as a matter of law, and we do not reach the question of whether there is any other theory applicable to this trust. The order that dismissed the petition should therefore be affirmed.

Cardona, P. J., Mikoll, Mercure and Peters, JJ., concur. Ordered that the order is affirmed, with costs.