■ In the Matter of RUSSELL RR. and Others, as Handicapped Children. SULLIVAN DIAGNOSTIC TREATMENT CENTER, Appellant; COUNTY OF SULLIVAN, Respondent. [661 NYS2d 844] —Carpinello, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered December 4, 1996, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 2, for reimbursement by respondent for tuition and transportation services rendered to certain handicapped children.

Between 1990 and 1993, the parents of certain preschool-aged children residing in Sullivan County made application in Family Court pursuant to Family Court Act § 236 seeking orders adjudicating their children to be handicapped and therefore eligible for special educational services. Family Court granted these petitions and ordered that the cost of educational services be made a charge upon respondent (*see*, Family Ct Act § 236 [2]). Fifty four of the orders made by Family Court are involved in this appeal. Petitioner, a not-for-profit organization providing an early intervention program of educational, diagnostic and residential services for children under the age of three, provided services pursuant to these orders.

Although petitioner apparently submitted vouchers to respondent on a monthly basis as services were rendered, in October 1995 petitioner submitted additional vouchers totaling $131,634.20 seeking payment for unpaid services rendered between July 1990 and June 1994. Respondent refused to pay these vouchers based on its policy which precluded payment for services rendered to any handicapped child who was absent, without excuse, for more than half of the scheduled classes.

Respondent maintained that petitioner was well aware of this policy and that, without exception, the disputed vouchers covered children who had attended fewer than half the classes or, in some cases, no classes at all.

By order to show cause, petitioner moved in Family Court for an order directing respondent to reimburse it for the tuition and transportation services rendered as requested in the vouchers. Family Court dismissed the application holding that, while it had jurisdiction to hear matters involving preschool-aged handicapped children, Family Court was an improper forum in which to resolve the payment issues advanced in petitioner's application. We agree and, accordingly, affirm.

It is well settled that Family Court, a court of limited jurisdiction, may exercise only those powers specifically granted to it by the State Constitution or statute (*see*, NY Const, art VI, § 13; Family Ct Act § 115; *Matter of Albany County Dept. of Social Servs. [Novak] v Novak*, 217 AD2d 739, 740). Through the provisions of the Family Court Act, Family Court is authorized to exercise subject matter jurisdiction over handicapped children of preschool age who are in need of special educational services and is empowered to make "suitable order[s]" for the education of such children and to charge the expenses therefore to the county in which the children are domiciled at the time the applications are made (Family Ct Act § 236 [2]). The statute also allows Family Court to retain jurisdiction to review, modify or enforce its prior orders (*see*, *Matter of L. v New York State Dept. of Educ.*, 39 NY2d 434, 439-440; *Matter of Schwartz v County of Nassau*, 111 AD2d 242; *Matter of Alban v County of Nassau*, 89 AD2d 340, *affd* 59 NY2d 731).

In this case, we agree with Family Court that the relief sought by petitioner is not for court review or enforcement of its prior orders authorizing special educational services for the handicapped children on whose behalf the petitions were brought. Rather, petitioner seeks to have Family Court resolve a reimbursement dispute for past services rendered and to determine other issues of a contractual nature involving petitioner and respondent, which in our view is beyond the subject matter jurisdiction of Family Court (*see generally*, *Matter of Albany Count Dept. of Social Servs. [Novak] v Novak*, *supra*, at 740). Accordingly, Family Court properly dismissed petitioner's application on this ground. In light of this holding, we need not reach petitioner's remaining contentions.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.