[973 NYS2d 825]

In the Matter of CHEMUNG COUNTY DEPARTMENT OF SOCIAL SER-
VICES, on Behalf of KIMBERLY CHEATHAM, Appellant, v JAMES
J. CRANE, Respondent.

Third Department, October 17, 2013

**APPEARANCES OF COUNSEL**

*Donald Thompson, Chemung County Department of Social Services*, Elmira (*David A. Kagle* of counsel), for appellant.

**OPINION OF THE COURT**

LAHTINEN, J.P.

Respondent's two children (born in 1994 and 1995), who lived with their mother, received public assistance benefits of $662 per month from February 2010 to February 2011. Petitioner attempted to bring a support proceeding against respondent during such time, but it was unable to locate him to effect service of its petition. After payment of public assistance benefits to respondent's children had ceased, petitioner ostensibly located respondent and commenced the current support proceeding in

July 2011 seeking to recoup $50 per month of the public assistance funds it had paid. The Support Magistrate dismissed the petition upon the ground that it had not been filed until after the public assistance had ended. Family Court, noting that it was constrained by precedent, upheld the dismissal. Petitioner appeals.

Petitioner contends that it should not be foreclosed from attempting to recoup in Family Court part of the public assistance it paid for respondent's children simply because the proceeding was commenced after the public assistance had ceased. Two issues are implicated—whether the proceeding to recoup can be brought after public assistance has stopped and, if so, whether Family Court has subject matter jurisdiction over such a proceeding.

The first issue implicates a labyrinth of statutes. Family Ct Act § 415 makes clear that the parent of a child receiving public assistance remains responsible for support of the child and a court may require a contribution toward such costs (*see Matter of Commissioner of Social Servs. v Segarra*, 78 NY2d 220, 224 [1991]), with the guidelines set forth in the Child Support Standards Act (*see* Family Ct Act § 413) relevant to the amount the parent should contribute (*see Matter of Dutchess County Dept. of Social Servs. v Day*, 96 NY2d 149, 153 [2001]). The public assistance sought here results in "an assignment to [petitioner] of any rights to support that accrue during the period that a family receives [such] assistance" (Social Services Law § 348 [2]) and, while that assignment stops when the public assistance eligibility ends, nonetheless, any obligation for unpaid support that has accrued during that time remains (*see* Social Services Law § 348 [3]).

> "Family Court Act § 422 specifically grants a social services official the right to commence a support proceeding if so authorized by Social Services Law § 102 [and] [t]hat statute allows public welfare officials to pursue 'any person liable by law for support . . . of any person cared for at public expense' " (*Matter of Dutchess County Dept. of Social Servs. v Day*, 96 NY2d at 155, quoting Social Services Law § 102 [1]).

Finally, as relevant here, Family Ct Act § 449 (2) provides that

> "[a]ny order of child support made under [article 4] shall be effective as of the earlier of the date of the

filing of the petition therefor, or, if the children for whom support is sought are in receipt of public assistance, the date for which their eligibility for public assistance was effective."

None of the pertinent statutes specifically foreclose seeking recoupment after public assistance payments have ceased. In fact, by using the past tense in Social Services Law § 102 (1) ("any person *cared for* at public expense" [emphasis added]) and specifically preserving the obligation after the assignment has ceased in Social Services Law § 348 (3), the statutes connote an intent that the obligation remains despite the end of public assistance. The Support Magistrate read the language "are in receipt of" in Family Ct Act § 449 (2) as having a present tense and, accordingly, imposing a requirement of current receipt of public assistance in order to recoup past public assistance. The phrase is, at best, ambiguous regarding tense as it could be understood as either currently receiving or having previously received. In any event, this phrase in Family Ct Act § 449 (2) lacks the clarity to compel a conclusion contrary to that strongly implicated by the other relevant statutes. Moreover, it merits mentioning that Family Ct Act § 449 (2), which was enacted in 1992 (*see* L 1992, ch 41, § 143), served to extend the retroactive period for which support could be recovered when public assistance was involved and, accordingly, it would seem incongruous to interpret a provision of the statute as constricting recovery permitted by other pertinent parts of the Family Ct Act and Social Services Law. We find that a proceeding to recoup public assistance can be commenced after the assistance has stopped.

We turn to whether Family Court is the appropriate forum under the narrow facts of this case. Long-standing precedent points to the conclusion that it is not. "Family Court is a court of limited jurisdiction, constrained to exercise only those powers granted to it by the State Constitution or by statute" (*Matter of H.M. v E.T.*, 14 NY3d 521, 526 [2010]; *see Matter of Hirsch v Schwartz*, 93 AD3d 1114, 1115 [2012]). It "indisputably has jurisdiction to determine" child support, including "such ancillary jurisdiction as is necessary to fulfill the court's core function" in regard thereto (*Matter of H.M. v E.T.*, 14 NY3d at 527). Here, however, the record reflects no involvement by Family Court regarding these teenage children at any time before the one year that they received public assistance. During that one year, no proceeding was properly brought against respondent in Family Court. The children are no longer receiving public assistance

and, by petitioner's own admission, the current proceeding seeks only partial recoupment for the one year of payment and does not seek an order regarding current or future support. This is, in essence, an action to recoup public assistance based on an implied contract (*see Matter of Albany County Dept. of Social Servs. v Novak*, 217 AD2d 739, 740 [1995]; *see also* Social Services Law § 104 [1]) and, significantly, the beneficiary of this proceeding is not the children, but the public fisc (*see generally* Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 449 at 187-188).

We have previously held, consistent with a line of authority, that " 'Family Court does, of course, have jurisdiction to order payment for current and future support . . . but an action to recover from a responsible [party] prior expenditures made on behalf of his [or her] dependents must be brought in an appropriate court of law' " (*Matter of Duquette v Sanderson*, 90 AD2d 619, 620 [1982], quoting *Matter of Hackett v Haynes*, 70 AD2d 1051, 1052 [1979]; *see Matter of Onondaga County Commr. of Social Servs. v Smith*, 19 AD3d 1066, 1067 [2005]; *Matter of Russell RR.*, 242 AD2d 770, 771 [1997], *lv dismissed* 91 NY2d 866 [1997]; *Matter of Albany County Dept. of Social Servs. v Novak*, 217 AD2d at 740; 1-9 New York Civil Practice: Family Court Proceedings § 9.02 [3] [a] [2013]; 1 Callaghan's Family Court Law and Practice in New York § 2:23 [2013 rev ed]). Under the circumstances of this proceeding, we agree with Family Court that the petition must be dismissed. We clarify, however, that the dismissal is without prejudice to pursue the requested relief in an appropriate court.

STEIN, McCARTHY and EGAN JR., JJ., concur.

Ordered that the order is affirmed, without costs.