■ In the Matter of LISA M. UU., Respondent, v MARIO D. VV., Appellant.—Appeal from that part of an order of the Family Court of Broome County, entered March 29, 1979, which directed appellant to pay respondent's confinement expenses. Following commencement of a paternity proceeding by respondent, an order of filiation was entered. On December 7, 1978, an order was entered directing appellant to pay $15 per week in child support. This support order was modified by an order entered March 29, 1979 fixing respondent's confinement expenses in the amount of $1,212.46 and directing appellant to reimburse the social services department for them at the rate of $5 per week. This modification was made pursuant to section 514 of the Family Court Act which provides that, "The father is liable to pay the reasonable expenses of the mother's confinement and recovery and such reasonable expenses in connection with her pregnancy as the court in its discretion may deem proper." (Family Ct Act, § 514.) On this appeal, appellant contends that section 514 of the Family Court Act is unconstitutional in that it violates the equal protection clauses of the New York State and United States Constitutions. Since the statute is being challenged on equal protection grounds, it should be read expansively, if possible, so as to include the improperly excluded class and thus preserve its constitutionality *(Goodell v Goodell,* 77 AD2d 684, mot for lv to app den 51 NY2d 704). Accordingly, we read the statute in a gender-neutral manner authorizing the court to impose the obligation of paying for the confinement expenses of the mother of the child upon either the mother or father or both as the court, in its discretion, may deem proper. Under our interpretation, the court will then consider the means and responsibilities of each parent without regard to the sex of the parent. Such a construction eliminates any sex based discrimination and negates appellant's contention that section 514 of the Family Court Act violates the equal protection clause. It appears from the record that at all times herein relevant respondent was a recipient of public assistance. Consequently, even though testimony was taken only from appellant at the hearing on the motion for modification of the support order, we conclude that no useful purpose would be served by reversing the order and remanding the matter back to Family Court for further proceedings to determine the means and responsibilities of both parties. So much of the order as appealed from, therefore, should be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.