*454
 
 OPINION OF THE COURT
 

 Hancock, Jr., J.
 

 Two questions are presented concerning the responsibility of an unwed father for medical expenses incurred in connection with the birth of his child: (1) whether an unwed father may be required to reimburse the Department of Social Services for the expenses paid on behalf of the mother, and (2) whether an unwed father’s liability for the expenses paid on behalf of the child depends upon the father’s ability to pay at the time those expenses were incurred.
 

 Following an order of filiation declaring respondent to be the father of a child born out of wedlock, the Steuben County Department of Social Services sought reimbursement from him for the Medicaid payments it made for the medical care of both the mother and the child in connection with the birth. Pursuant to the parties’ stipulation of facts, the matter was submitted to a Family Court Hearing Examiner who directed respondent to reimburse the department in full. Thereafter, Family Court denied respondent’s objections except to correct a minor monetary miscalculation.
 

 On appeal, the Appellate Division unanimously reversed with regard to payments on behalf of the mother (147 AD2d 943). The court held that Federal law did not permit recoupment of such expenses from an unwed father because he is not a relative of the mother. The court also held that respondent’s liability for his child’s birth expenses was contingent upon his ability to pay at the time, and it remanded the question to Family Court for a factual determination. On remand, Family Court determined that respondent was unable to pay for those expenses when incurred and, therefore, in accord with the Appellate Division’s direction, it held that respondent was not liable for them. Because we agree with the Appellate Division with regard to the child’s expenses, but not the mother’s, we now modify.
 

 I
 

 Medicaid, a joint Federal-State program designed to provide medical care for persons "whose income and resources are insufficient to meet the costs” (42 USC § 1396), imposes conditions upon participating States as set forth in the Social
 
 *455
 
 Security Act (42 USC § 1396
 
 et seq.).
 
 A State must "take all reasonable measures, to ascertain the legal liability of third parties * * * to pay for care and services available under the plan” (42 USC § 1396a [a] [25] [A]), and, whenever medical assistance is provided to an eligible recipient, the State must "seek reimbursement” from such third parties (42 USC § 1396a [a] [25] [B]). In fact, every person seeking Medicaid assistance is required to assign to the State his or her rights to medical expenses from any "third parties” and to cooperate with the State in seeking recoupment of those expenses from them (42 USC § 1396k [a] [1] [A], [B];
 
 see also,
 
 Social Services Law § 366 [4] [h]).
 

 These provisions reflect a congressional policy of keeping Medicaid "the payer of last resort” — i.e., insuring that all "other available resources * * * be used before Medicaid pays for the care of an individual enrolled in the Medicaid program” (Sen Rep No. 146, 99th Cong, 1986 US Code Cong & Admin News, at 279;
 
 see also,
 
 55 Fed Reg 1423-1424;
 
 New York State Dept. of Social Seros, v Bowen,
 
 846 F2d 129, 133). Hence, "third-party” liability under the Social Security Act is intended to secure recovery of the medical expenses paid for eligible recipients whenever "someone else has fiscal liability” (Sen Rep No. 744, 90th Cong, 1967 US Code Cong & Admin News, at 3022). The relevant Federal regulations, consistent with that objective, define "third party” to include "any individual * * * that is or may be liable to pay all or part of the expenditures for medical assistance furnished under a State plan” (42 CFR 433.136 [3]). And in this State, by statute, an unwed father is such a "third party”.
 

 Family Court Act § 514 specifically makes a "father”, whether or not wed to the mother, "liable to pay the reasonable expenses of the mother’s confinement and recovery and * * * reasonable expenses in connection with her pregnancy”. Similarly, Family Court Act § 545 authorizes a court that has made an order of filiation to direct the father — or the mother or both parents — of an out-of-wedlock child to pay such expenses. There is no dispute among the parties here that these provisions generally permit the recovery from an unwed father of the mother’s medical expenses. But respondent argues that sections 514 and 545 cannot apply to such expenses when paid under Medicaid, because Federal statutory and regulatory law governing that program does not permit it. We disagree.
 

 
 *456
 
 Specifically, respondent contends that, as a matter of Federal law, an unwed father is not a "responsible relative” of the mother from whom Medicaid expenditures paid on her behalf, in connection with the birth of their out-of-wedlock child, may be recovered. Respondent relies on a Federal statutory provision governing the determination of an applicant’s Medicaid eligibility (42 USC § 1396a [a] [17] [D]) and on a regulation limiting the class of individuals who can be required to reimburse State agencies for the Medicaid expenditures paid on behalf of their relatives (42 CFR 435.602). Contrary to respondent’s contention, neither of these provisions precludes the operation of the New York statutes in question.
 

 Under 42 USC § 1396a (a) (17) (D), a State Medicaid plan must provide medical assistance to an otherwise eligible person regardless of "the financial responsibility of any individual for [that person,] unless [that person] is such individual’s spouse or such individual’s child who is under age 21 or * * * blind or * * * disabled”. The implementing regulation, 42 CFR 435.602, entitled "Limitation on the financial responsibility of relatives”, elaborates on the statutory scheme. It provides that, "[e]xcept for a spouse of an individual or a parent for a child who is under age 21 or blind or disabled”, the State may not "[c]onsider income and resources of any
 
 relative
 
 * * * nor * * * [c]ollect reimbursement from any
 
 relative
 
 [emphasis added]”. The purpose of these provisions, particularly evident from the language of the regulation, is to prevent a State from requiring contributions for medical assistance,
 
 solely on the basis of familial relationship,
 
 other than from the spouse or parent of the Medicaid recipient. It was the view of Congress in enacting 42 USC § 1396a (a) (17) (D) that, although a State could properly place financial responsibility for medical care upon an available spouse or parent, "[b]eyond such degree of relationship
 
 *
 
 * * requirements imposed are often destructive and harmful to the
 
 relationships among the members of the family
 
 group” (Sen Rep No. 404, 89th Cong, 1965 US Code Cong & Admin News, at 2018 [emphasis added]).
 

 To conform New York’s law to these Federal limitations, the Legislature narrowed the class of "responsible relatives” who could be compelled under the Social Services Law* to
 
 *457
 
 contribute to the support of an individual in need of medical assistance or to reimburse the State for medical assistance already provided to that individual. Social Services Law § 101, governing the liability of
 
 relatives
 
 to provide support, was amended in 1966 to exempt all but the spouse of a public assistance recipient and, where the recipient is a minor, his parent
 
 (see,
 
 L 1966, ch 256, § 18). The Governor’s message in support of the amendment echoed the congressional purpose in limiting the scope of familial-based liability: "These far reaching limitations on the
 
 financial responsibility of relatives
 
 for support of the needy would lift an often heavy burden on those obligated to pay for assistance under existing State laws. Experience has shown that the financial responsibility of a broad class of
 
 relatives,
 
 imposed by statute, is more often a destructive, rather than cohesive, factor in
 
 family unity”
 
 (1966 NY Legis Ann, at 327 [emphasis added]).
 

 It is undisputed that respondent is not related to the mother in this case; the two have never been married. Respondent cannot, therefore, be required, as a "responsible relative” within the meaning of the foregoing Federal and State provisions, to pay for the mother’s medical expenses. But the department is not seeking reimbursement from him on that basis, and there is nothing in those Federal or State provisions that precludes recovery from an unwed father on some other legitimate ground. The statutory and regulatory restrictions relied on by respondent do no more than narrow the class of individuals on whom familial-based liability can be imposed. They in no way negate the liability of other "third parties” from whom the States must, as Medicaid participants, seek reimbursement
 
 (see,
 
 42 USC § 1396a [a] [25] [A], [B]; § 1396k [a] [2] [A], [B], discussed,
 
 supra).
 
 And nothing in those provisions precludes a State from statutorily declaring a father—
 
 *458
 
 whether or not wed to the mother — to be such a "third party” with regard to the mother’s pregnancy and childbirth expenses. That is all this State does under sections 514 and 545 of the Family Court Act — the authority under which the department has sought reimbursement from respondent.
 

 Moreover, if the Federal and State provisions were read as respondent urges, important policies underlying the Medicaid program would not be served. Categorically exempting unwed fathers from liability for the mother’s birth expenses would not further the policy of relieving most
 
 relatives
 
 — qua
 
 relatives
 
 — of an otherwise
 
 familial
 
 burden. Also, contrary to the unmistakable intent of Congress and this State’s Legislature, exempting unwed fathers would free such statutorily recognized "third parties” from any liability for medical expenses for which they, in fact, share responsibility. There, thus, appears no reason to believe that the liability imposed on unwed fathers under Family Court Act §§514 and 545 is precluded by Federal law.
 

 II
 

 With regard to the birth expenses provided on behalf of the child, we agree with the Appellate Division that an unwed father’s liability to make reimbursement for such expenses depends upon his ability to pay at the time of the birth. Although as a "responsible relative” of the child, a father is liable under both Federal and State law for his child’s medical expenses
 
 (see,
 
 42 USC § 1396a [a] [17] [D]; Social Services Law §§ 101, 366 [2] [b]), recovery of those medical expenses from him is permitted under State statute only if he had sufficient means to pay for them when they were incurred.
 

 Social Services Law § 366 (3) (a) directs the Department of Social Services to furnish medical assistance to an applicant, even if he or she has a "responsible relative with sufficient income and resources to provide medical assistance”, in any case where the "responsible relative” is either absent or refuses or fails to help. In those situations, "the furnishing of such assistance [to the applicant] shall create an implied contract with such relative”, obligating the relative to reimburse the department for its expenses. On the other hand, no such "implied contract” is created under section 366 (3) (a) where the "responsible relative” is without sufficient income and resources at the time the department furnishes the assis
 
 *459
 
 tance to his child
 
 (see, Matter of Dabney,
 
 104 AD2d 678, 679;
 
 Forman v Forman,
 
 96 AD2d 880, 881;
 
 Matter of Hackett v Haynes,
 
 70 AD2d 1051, 1052;
 
 Matter of Colon,
 
 83 Misc 2d 344, 348, 351).
 

 To be sure, as the department argues, it cannot consider, the income and resources of an unwed, nonadjudicated father when determining the Medicaid eligibility of his child at birth. But that has no bearing on the father’s ultimate liability for his child’s birth expenses or on the department’s authority to recover them from him once fatherhood has been adjudicated
 
 (see,
 
 42 USC § 1396a [a] [17] [D]; 42 CFR 435.602; Social Services Law §§ 101, 366 [2]). Likewise, it has no bearing on
 
 when
 
 the "implied contract” for reimbursement is created under Social Services Law § 366 (3) (a). That contract is created, if at all, when the department furnishes assistance to a child
 
 and,
 
 at the same time, the father has sufficient income and resources to provide assistance himself.
 

 Finally, that the father’s ability to contribute to the costs of the child’s birth care may subsequently increase is of no moment under section 366 (3) (a). The statutory obligation of a father to reimburse the department for Medicaid expenditures on behalf of his child is expressly established upon the "furnishing of such assistance” — in this case, at the time of the child’s birth. Inasmuch as it was determined below that, at that time, respondent did not have "sufficient income and resources” under Medicaid eligibility standards
 
 (see,
 
 Social Services Law § 366 [3] [a];
 
 see also,
 
 § 366 [2] [b]; 18 NYCRR 360-4.7, 360-4.8), no "implied contract” was created obligating him to pay the department for the birth expenses of his child.
 

 Accordingly, the judgment appealed from and the order of the Appellate Division brought up for review, should be modified, without costs, by reinstating so much of the original order of Family Court as directed respondent to reimburse petitioner for benefits paid on behalf of the mother and, as so modified, affirmed.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
 

 Judgment appealed from and order of the Appellate Division brought up for review modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.
 

 *
 

 See,
 
 Social Services Law § 366 (3), which provides, in part:
 

 "(a) Medical assistance shall be furnished to applicants in cases where, although such applicant has a
 
 responsible relative
 
 with sufficient income and
 
 *457
 
 resources to provide medical assistance as determined by the regulations of the department, the income and resources of the
 
 responsible relative
 
 are not available to such applicant because of the absence of such relative or the refusal or failure of such relative to provide the necessary care and assistance. In such cases, however,
 
 the furnishing of such assistance shall create an implied contract with such relative, and the cost thereof may be recovered from such relative
 
 * * *
 

 "(b) The provisions of this subdivision shall not be construed to diminish the authority of a social services official to bring a proceeding * * * (1)
 
 to compel any responsible relative to contribute
 
 to the support of any person receiving or liable to become in need of medical assistance,
 
 or (2) to recover from
 
 a recipient or
 
 a responsible relative the cost
 
 of medical assistance not correctly paid.” (Emphasis added.)