[623 NYS2d 14]

In the Matter of COMMISSIONER OF SOCIAL SERVICES OF FRANK-
LIN COUNTY, on Behalf of LISA U., Appellant, v STEVEN V.,
Respondent.

Third Department, January 19, 1995

APPEARANCES OF COUNSEL

*Jonathan C. Wool,* Malone, for appellant.

*Peter Racette,* Plattsburgh, for respondent.

OPINION OF THE COURT

YESAWICH JR., J.

Respondent is the father of a child born out of wedlock in 1989. At the time, both respondent and the child's mother, who were living together, were eligible for and receiving Medicaid assistance, and the expenses of childbirth were paid by Medicaid. Family Court dismissed the instant proceeding, initiated by petitioner to recover from respondent the amounts paid on behalf of the mother and child, and petitioner appeals.

Respondent, as a responsible relative of his child, is liable pursuant to Social Services Law § 366 (3) (a), for that portion of the birth expenses, here $520, attributable to the child's medical needs. However, because this liability arises from the creation of an implied contract at the time the assistance was furnished *(see,* Social Services Law § 366 [3] [a]), reimbursement may only be obtained if respondent was actually able to pay the child's expenses at the time they were incurred *(see, Matter of Steuben County Dept. of Social Servs. v Deats,* 76 NY2d 451, 458-459). Given that respondent was a qualified Medicaid recipient at the time of the birth—his status in this regard is not disputed—he cannot be held liable for amounts advanced on his daughter's behalf.

As for the $2,225.23 attributable to the mother's birth expenses, since respondent is not married to his child's mother he is not a "responsible relative" upon whom liability may be imposed pursuant to Social Services Law § 366 (3) (a). This is not dispositive, however, for Family Court Act §§ 514 and 545 (1) (b) provide that an unwed father may be held accountable for the birth expenses of the mother of his child. Moreover, the liability arising from the application of those statutes is

sufficient to render him a liable "third party" within the meaning of the Federal Medicaid statutes *(see, Matter of Steuben County Dept. of Social Servs. v Deats, supra,* at 455; *see also,* 42 USC § 1396a [a] [25] [A]), from whom the State must seek reimbursement of amounts paid to, or on behalf of, the mother under the Medicaid program (42 USC § 1396a [a] [25] [B]).

We are now presented with the question of whether Family Court can, or must, impose liability for the mother's birth expenses—in contrast to those of the child—upon an unwed father who was himself a Medicaid recipient at the time of the birth. Inasmuch as the statutes which permit imposition of liability for the mother's birth expenses upon an unwed father do not specify that liability arises from the creation of an implied contract at the time the assistance is furnished *(see,* Family Ct Act §§ 514, 545 [1] [b]), unlike the provision that establishes liability for the child's expenses *(see,* Social Services Law § 366 [3] [a]), the rationale which requires that the latter obligation be premised on the father's ability to pay at the time of the birth is not directly applicable. We are nonetheless of the view that Family Court did not abuse its discretion by refusing to order reimbursement by a father who was a Medicaid recipient when his child was born, for to conclude otherwise requires interpreting the pertinent laws in such a manner as to render them unconstitutionally discriminatory.

In keeping with principles of equal protection, we have interpreted the relevant provisions of the Family Court Act as authorizing the court to exercise its discretion to order payment of confinement, recovery and pregnancy expenses by either the father or the mother, after considering the financial circumstances of each *(see, Matter of Lisa M. UU. v Mario D. VV.,* 78 AD2d 711). We held in *Matter of Lisa M. UU. v Mario D. VV. (supra),* however, that the mother's receipt of Medicaid benefits to cover the birth established, per se, an inability to contribute to those expenses.* Hence, to impose liability upon a father who is no more financially able than the mother, as

---

* This per se exception from liability for a mother who actually received Medicaid coverage for her birth-related expenses is also mandated by Federal and State laws prohibiting (except in narrowly defined situations not present here) the recoupment of Medicaid benefits that were properly paid at the time *(see,* 42 USC § 1396a [a] [18]; § 1396p [b]; Social Services Law § 369 [2]).

petitioner seeks to do, would violate principles of gender-neutrality.

Furthermore, the interpretation urged by petitioner would result in an unacceptable differentiation among fathers, with respect to their liability for birth expenses, on the basis of marital status alone. Respondent was living with the mother before and after the birth, and was a contributing member of her household for Medicaid eligibility purposes during that time period. Had they been married, respondent would have been a "responsible relative"—i.e., spouse—of the mother for purposes of determining liability *(see,* Social Services Law § 101 [1]), and the rationale of *Matter of Steuben County Dept. of Social Servs. v Deats (supra)* would mandate a denial of the petition if respondent did not have the ability to contribute to the birth expenses at the time the assistance was furnished *(cf., Matter of Dabney,* 104 AD2d 678, 679).

Petitioner's arguments notwithstanding, there is no rational basis for permitting the State to obtain reimbursement from an unwed father when—as petitioner readily admits—a married father who is in all pertinent respects similarly situated would not be liable. To do so would deny unmarried fathers equal protection of the laws *(see, People v Liberta,* 64 NY2d 152, 163, *cert denied* 471 US 1020). For these reasons, reimbursement may not be had with respect to either the child's medical expenses or those attributable to the mother, and accordingly the petition was properly dismissed in its entirety.

MIKOLL, J. P., MERCURE, WHITE and CASEY, JJ., concur.

Ordered that the order is affirmed, without costs.