OPINION OF THE COURT
 

 Levine, J.
 

 The Commissioner of the Franklin County Department of Social Services filed a petition for child support in each of these cases seeking to hold the respondent unwed fathers liable for birth-related medical expenses incurred by the Franklin County Department of Social Services (the Department) on behalf of the mother and child.
 

 Following an order of filiation declaring respondent Steven V. to be the father of Ashley, Lisa U.’s child, the Department, in
 
 Matter of Commissioner of Social Servs. of Franklin County (Lisa U.) v Steven V.,
 
 sought reimbursement for $520 in medical costs expended on behalf of Ashley and $2,225.23 expended on behalf of her mother in connection with the birth. At the time these expenses were incurred, Steven V. and Lisa U. were living together in the same household. According to the findings of the Family Court Hearing Examiner, at the time of the support hearing Steven V. was employed and earning approximately $180 per week, was still living in the same household with Lisa U., Ashley and another child, and was supporting the children. Under these circumstances, the Hearing Examiner concluded that Steven V.’s liability for past medical assistance had been established in the full amount sought by the Department and ordered him to pay $25 each month to the Franklin County Support Collection Unit.
 

 Upon respondent’s filing of written objections, Family Court determined that, under
 
 Matter of Steuben County Dept. of Social Servs. v Deats
 
 (76 NY2d 451), it would be improper to hold Steven V. liable for Ashley’s birth-related expenses if he
 
 *66
 
 had been in receipt of Medicaid assistance at the time of her birth. Family Court further found that it would be "illogical” to apply a different standard to respondent’s obligations for the mother’s birth-related expenses. Because the Hearing Examiner had not considered Steven V.’s financial ability or Medicaid status at the time the expenses were incurred, the court remanded for a new hearing so that these factual determinations could be made. On remand, the Hearing Examiner found that Steven V. had been in receipt of Medicaid benefits at the time of Ashley’s birth, and in accordance with Family Court’s directive, dismissed the petition. Family Court denied the Commissioner’s objections and the Appellate Division affirmed, holding that a contrary ruling would result in unconstitutional discrimination on the basis of both gender and marital status (207 AD2d 162).
 

 In
 
 Matter of Commissioner of Social Servs. of Franklin County (Rebecca G.) v Bernard B.,
 
 following entry of an order of filiation against respondent Bernard B., the Department sought reimbursement of $3,260.10 for past medical support it had provided in connection with the birth of respondent’s son Michael. Of that amount, $684.79 had been expended on behalf of the child and $2,575.31 on behalf of the mother. The Family Court Hearing Examiner dismissed the support petition, concluding that, as a matter of law, the father may not be held solely responsible for birth-related expenses where the unwed parents had resided together in one household and were both in receipt of medical assistance at the time the birth-related expenses were incurred. The Commissioner filed written objections to the Hearing Examiner’s order, seeking reinstatement of the support petition in its entirety. Family Court, relying solely on the father’s inability to pay at the time the expenses were incurred as shown by his then Medicaid eligibility status, denied the Commissioner’s objections and affirmed the dismissal. The Appellate Division, relying on its analysis in
 
 Steven V.,
 
 affirmed (211 AD2d 965).
 

 We granted leave to the Commissioner in both matters and now modify by reversing so much of the orders of the Appellate Division that upheld dismissal of the Commissioner’s claims for reimbursement of the mothers’ birth-related expenses.
 

 In
 
 Matter of Steuben County Dept. of Social Servs. v Deats
 
 (76 NY2d 451,
 
 supra),
 
 we held that the father’s ability to pay at the time the expenses were incurred is the appropriate standard for establishing the father’s liability under Social Ser
 
 *67
 
 vices Law § 366 for the birth-related expenses paid on behalf of his child
 
 {id.,
 
 at 458). Because Family Court found that the respondent unwed fathers in these two proceedings were eligible for and receiving Medicaid assistance at the time the birth-related expenses were incurred, and thus did not possess sufficient income and resources at that time under Medicaid eligibility standards, the Appellate Division properly upheld the dismissal of the petitions insofar as they sought recovery for the expenses incurred on behalf of the children
 
 (see, id.,
 
 at 459).
 

 The unsettled issue presented in these two cases is whether as a matter of statutory interpretation or constitutional mandate an unwed father’s liability for the medical expenses for confinement and delivery paid on behalf of the mother must likewise depend on his ability to pay at the time the expenses were incurred. Phrased differently, the question is whether our holding in
 
 Deats
 
 should be extended to immunize an unwed father from liability for the mother’s birth-related expenses if he was unable to pay for those expenses, as evidenced by his Medicaid eligibility status, at the time of the birth. Because we conclude that the statutory scheme imposes liability on the unwed father under a present ability to pay standard rather than on the basis of ability to pay at the time the expenses were incurred and that application of this standard does not violate equal protection principles, we now reverse on this issue.
 

 We explained in
 
 Deats
 
 that under the Federal Medicaid program an unwed father is a statutorily defined "responsible relative” (i.e., parent) of his child, and by reason of that status is liable for reimbursement of the child’s birth expenses under the standard set forth in Social Services Law § 366
 
 (Matter of Steuben County Dept. of Social Servs. v Deats,
 
 76 NY2d, at 458,
 
 supra).
 
 However, we recognized that liability of the unwed father for the child’s expenses was dependent on his ability to pay at birth, when the expenses were incurred. That was because the statutory "implied contract” of a responsible relative to reimburse under section 366 is not created "where the 'responsible relative’ is without sufficient income and resources at the time the department furnishes the assistance to his child”
 
 (id.,
 
 at 458-459).
 

 In
 
 Deats,
 
 however, we distinguished the unwed father’s familial-based liability for the child’s birth expenses from his liability for the birth expenses paid on behalf of the mother, with whom the unwed father has no legal relationship and as
 
 *68
 
 to whom he is not a "responsible relative.” We held that his liability for the mother’s expenses is neither premised on, nor forbidden by, Social Services Law § 366, but rests on a wholly different basis, namely third-party liability. After examining the Federal and State Medicaid provisions, we found no prohibition to the imposition of third-party liability for these expenses
 
 (Matter of Steuben County Dept. of Social Servs. v Deats,
 
 76 NY2d, at 455-457,
 
 supra).
 
 Indeed, as we explained in
 
 Deats
 
 because the Federal policy is to make Medicaid " 'the payer of last resort,’ ” the Federal program requires participating States to take all reasonable measures to ascertain the legal liability of and seek reimbursement from all potentially liable third parties
 
 (id.,
 
 at 455, quoting Sen Rep No. 146, 99th Cong, 1986 US Code Cong & Admin News, at 279, and citing 42 USC § 1396a [a] [25] [A], [B]). For this reason we found it wholly consistent with the Federal statutory scheme for the State to impose third-party liability on an unwed father for the mother’s birth-related expenses even though he is not liable as a responsible relative for these costs
 
 (id.,
 
 at 457-458). Finally, we recognized that the statutory basis for the unwed father’s third-party liability for the mother’s birth-related expenses is found in sections 514 and 545 of the Family Court Act
 
 (id.,
 
 at 455).
 

 There, thus, being no statutory impediment under the Medicaid program to the imposition of third-party liability in this context, we look to Family Court Act §§514 and 545 for the appropriate standard. Section 545 unambiguously focuses on the unwed father’s present ability to pay, as measured by his current resources and his earning capacity
 
 (see,
 
 Family Ct Act § 545 [a court order for support including the mother’s pregnancy and confinement expenses may be imposed on "parents possessed of sufficient means or able to earn such means”]), thus echoing the general standard of spousal and child support found in the Family Court Act
 
 (see,
 
 Family Ct Act § 412 [order for spousal support to be based on means or ability to earn such means]; Family Ct Act § 413 [1] [a] [child support];
 
 see also,
 
 Family Ct Act § 513 [support of nonmarital children]). Moreover, while section 514 states that the court may order an unwed father to pay for the mother’s confinement costs in its discretion, it is clear that the court’s discretion is to be exercised consistently with the present means and ability standard of section 545. Thus, in light of the clear mandate in Family Court Act article 5 to measure the unwed father’s third-party liability under a present means and ability
 
 *69
 
 standard, and because neither the Federal Medicaid program nor Social Services Law § 366 requires application of a different standard, we find no statutory basis for making the unwed father’s liability for the mother’s birth-related expenses dependent on his ability to pay at the time the expenses were incurred.
 

 Alternatively, respondents contend, and the Appellate Division agreed, that constitutionally, a single standard — based upon the unwed father’s ability to pay at the time of birth — is required as to the imposition of liability for both the mother’s and the child’s birth expenses. Respondents argue, and the Appellate Division held, that application of the present ability to pay standard of Family Court Act §§ 514 and 545 to the father’s separate liability for the
 
 mother’s
 
 birth-related expenses would result in a denial of equal protection to the respondent unwed fathers on the basis of both gender and marital status. We disagree.
 

 Respondents’ first equal protection argument is that Family Court Act § 514 is facially invalid for gender-based discrimination, since it is phrased to impose potential liability for the mother’s confinement and other birth-related expenses only on fathers.
 
 [1]
 
 However, when read in connection with the subsequently enacted section 545 of the Family Court Act which imposes liability for these costs on
 
 either
 
 parent,
 
 [2]
 
 section 514 is properly understood as authorizing the court to impose liability without regard to gender. The Appellate Division was therefore correct in the instant case in following its decision in
 
 Matter of Lisa M. UU. v Mario D. VV.
 
 (78 AD2d 711) and interpreting section 514 as applying to a parent of either gender
 
 (see,
 
 207 AD2d, at 164).
 

 The Appellate Division concluded, however, that even when read in a gender-neutral fashion, Family Court Act §§514 and
 
 *70
 
 545 discriminate on the basis of gender in this context because as a matter of law the mother is protected against recoupment under the applicable Medicaid provisions for her own birth expenses
 
 (see,
 
 Social Services Law § 369 [2] [b]; 42 USC § 1396a [a] [18]; § 1396p [b]), while the father, even if in the same financial position as the mother at the time of the birth, may be held liable for these same expenses under the Family Court Act. Respondents argue that this difference in treatment can only be sustained if it is substantially related to an important government interest
 
 (see, e.g., People v Liberta,
 
 64 NY2d 152, 168;
 
 Orr v Orr,
 
 440 US 268, 279;
 
 Califano v Webster,
 
 430 US 313, 316-317). However, because we reject the argument that application of these provisions results in discrimination on the basis of gender, we review and sustain the statutory scheme under rational basis scrutiny.
 

 The mother is eligible for Medicaid assistance in connection with her pregnancy and birth-related costs as a direct recipient. Her eligibility for these benefits is based on her medical condition of pregnancy, and under the applicable Medicaid provisions, a recipient is protected against liability to the Department for Medicaid benefits that were lawfully paid, i.e., benefits to which the recipient was legally entitled
 
 (see,
 
 Social Services Law § 369 [2] [b]; 42 USC § 1396a [a] [18]; § 1396p [b]). Thus, the mother’s condition of pregnancy provides the basis for her eligibility for benefits and, at the same time, provides the basis for her immunity from recoupment. The unwed father, on the other hand, because he is not pregnant and does not give birth, is not a direct recipient of any medical assistance in connection with his child’s birth. For this reason, he is not protected by the statutory provisions that prohibit recoupment from direct recipients.
 

 Accordingly, rather than gender, it is the physical condition of pregnancy that distinguishes the unwed mother and father’s statutory liability for the mother’s birth-related expenses. Because "[njormal pregnancy is an objectively identifiable physical condition with unique characteristics, * * * [a]bsent a showing that distinctions involving pregnancy are mere pretexts designed to effect an invidious discrimination against members of one sex or the other,” a classification based on pregnancy does not constitute a gender-based classification
 
 (Geduldig v Aiello,
 
 417 US 484, 496, n 20). There is no evidence here that the pregnancy-based distinction in the statutes was pretextual. Thus, the difference in treatment of fathers and mothers, which rests on the physical status of pregnancy, is
 
 *71
 
 subject only to rational basis scrutiny
 
 (see, id.; see also, Lovelace v Gross,
 
 80 NY2d 419, 427 [rational basis is general standard of review applied to social welfare legislation that does not distinguish on the basis of a suspect classification]).
 

 We conclude that a rational basis for the distinction exists. As was previously discussed, the imposition of third-party liability on unwed fathers in this context furthers the congressional policies underlying the Medicaid program. Additionally, the Legislature could rationally determine that imposing the threat of future liability on a medically indigent pregnant woman might discourage her from obtaining medical care necessary for the health and survival of both herself and the child, a consideration not applicable to the liability of the unwed father
 
 (cf., Hope v Perales,
 
 83 NY2d 563 [recognizing that one goal of the Medicaid program is to encourage prenatal care]). Because they are, thus, rationally related to a physical distinction — pregnancy—the imposition of different standards of liability with respect to medically indigent expectant mothers and fathers is not unconstitutional.
 

 The Appellate Division also held that applying the present ability to pay standard of Family Court Act §§514 and 545 to determine the liability of an unwed father for the mother’s birth-related expenses would result in an unconstitutional differentiation among fathers on the basis of marital status. The Appellate Division based this conclusion on the different treatment of married fathers and unwed fathers in the statutory scheme. Thus, a married father who is indigent at the time of his child’s birth will permanently escape liability for his spouse’s confinement and birth-related costs as a "responsible relative” under Social Services Law § 366, which looks solely to his ability to pay at the time the expenses were incurred. Contrariwise, an unwed father who was indigent at the time of the birth would not necessarily escape liability as a responsible third party under Family Court Act §§ 514 and 545, since those provisions look to his ability to pay at the time of the support hearing. Respondents acknowledge that such discrimination on the basis of marital status is subject only to rational basis scrutiny
 
 (see, People v Liberta,
 
 64 NY2d 152, 163,
 
 supra,
 
 quoting
 
 Eisenstadt v Baird,
 
 405 US 438, 447, and citing
 
 People v Onofre,
 
 51 NY2d 476, 491,
 
 rearg denied
 
 52 NY2d 1072,
 
 cert denied
 
 451 US 987).
 

 Applying that level of scrutiny, we hold that the distinction between married and unmarried fathers with respect to the mother’s birth-related expenses is rationally based. Pursu
 
 *72
 
 ant to his statutorily imposed spousal support obligations, a married father has an ongoing duty of support to his wife, including liability for her confinement costs and any other necessary medical expenses (Family Ct Act §§ 412, 416). On the other hand, an unmarried father is liable only for the mother’s pregnancy and birth-related expenses since it is the child that provides the only legal connection between the two unwed parents. The far more limited liability of the unwed father for the mother’s needs justifies the more favorable treatment of the married father regarding the mother’s birth expenses. Moreover, a married father, indigent at the time of birth, is exempt from any future liability for his wife’s or child’s birth-related expenses to avoid the destructive effect of future liability on the relationships within the family unit
 
 (see, Matter of Steuben County Dept. of Social Servs. v Deats,
 
 76 NY2d, at 456-457,
 
 supra).
 

 It follows that although the Appellate Division correctly applied
 
 Deats
 
 to the respondents’ liability for the children’s birth expenses, the Appellate Division erred in applying the
 
 Deats
 
 rationale to their liability for the birth-related expenses of the mothers. Thus, we affirm dismissal of that part of each petition seeking reimbursement of the expenses paid on behalf of the child. However, remittal to the Family Court is necessary for a determination of each respondent’s present ability to pay for the birth-related expenses incurred by the Department on behalf of the mothers.
 

 Accordingly, in each of these proceedings the order of the Appellate Division should be modified, without costs, by remitting the matter to Family Court, Franklin County, for further proceedings in accordance with this opinion, and as so modified, affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
 

 In each case: Order modified, etc.
 

 [1]
 

 . Section 514 provides: "The father is liable to pay the reasonable expenses of the mother’s confinement and recovery and such reasonable expenses in connection with her pregnancy as the court in its discretion may deem proper”.
 

 [2]
 

 . In pertinent part, Family Court Act § 545 provides: "[T]he court shall direct the parent or parents possessed of sufficient means or able to earn such means to pay * * * a fair and reasonable sum * * * for [the] child’s support and education * * *. The order may also direct each parent to pay an amount as the court may determine and apportion for * * * the necessary expenses incurred by or for the mother in connection with her confinement and recovery [and] such expenses in connection with the pregnancy of the mother as the court may deem proper.”