[673 NYS2d 763]

In the Matter of JAY T. LE PAGE, as Commissioner of Clinton County Department of Social Services, on Behalf of CHRISTINE L., Respondent, v GLEN L., Appellant.

Third Department, May 28, 1998

**APPEARANCES OF COUNSEL**

*Peter Racette,* Plattsburgh, for appellant.
*Van Crockett,* Plattsburgh, for respondent.

**OPINION OF THE COURT**

CARPINELLO, J.

Respondent is the father of Chelsea L., a child born out of

wedlock in 1995. In August 1996, a support petition was filed by petitioner seeking reimbursement for the birth-related medical expenses of both the mother and the child in the amount of $3,485 ($574 for the child's care and $2,911 for the mother's care). The Hearing Examiner found that respondent was liable for the mother's birth-related expenses only. Family Court affirmed the Hearing Examiner's finding over respondent's objections, prompting this appeal.

The sole issue presented for our review is whether respondent is strictly liable for the birth-related expenses of the mother under Family Court Act §§ 514 and 545, as petitioner successfully argued before Family Court, or whether, as respondent contends, liability is dependent upon a factual determination of his ability to pay at the time of the hearing.

Initially, we note that an unwed father's liability for the birth-related expenses paid on behalf of his child (as opposed to these paid on behalf of the mother) is determined by examining the father's "ability to pay at the time of the birth" (*Matter of Steuben County Dept. of Social Servs. v Deats*, 76 NY2d 451, 458). In the instant case, the Hearing Examiner properly relied on *Matter of Steuben County Dept. of Social Servs. v Deats* (*supra*) to find that as respondent was Medicaid eligible at the time of his child's birth, he could not be liable for the child's birth-related expenses. With respect to the medical costs attributable to the mother's care, the Hearing Examiner found that at the time of the hearing respondent was still unemployed and his sole source of income was from Federal disability benefits. Nonetheless, the Hearing Examiner went on to find that even though respondent's disability benefits were exempt from levy, respondent's future earned income, if any, could be intercepted. Accordingly, the Hearing Examiner determined that *liability* for the mother's birth expenses could be fixed presently, with *collectability* to be determined at some possible future date, leaving petitioner free to employ whatever collection methods the law would allow.

In this regard, we are bound to follow the holding of the Court of Appeals in *Matter of Commissioner of Social Servs. of Franklin County [Rebecca G.] v Bernard·B.* (87 NY2d 61) to the effect that different standards apply in determining an unwed father's liability for the mother's birth-related expenses as opposed to the child's. Since the Court of Appeals in interpreting Family Court Act §§ 514 and 545 has clearly stated that the applicable standard in determining liability for the mother's expenses is the unwed father's "ability to pay at the time of the

support hearing" (*id.*, at 71), we cannot construe the statutory framework as one which imposes strict liability on the unwed father with collectability to be an uncertain future event.

Such a construction would have rendered meaningless the Court of Appeals holding in *Bernard B.* that the matters there at issue had to be remitted to Family Court for determinations of the unwed father's present ability to pay. If the Hearing Examiner's interpretation in the subject case was correct, the Court of Appeals in *Bernard B.* could have easily read the relevant statutes as imposing strict liability and simply remitted the cases for the imposition of *findings* of liability without the necessity of *determinations* on the issue of ability to pay. In the case at bar there is no factual dispute that respondent's entire income is derived from Supplemental Security Income disability benefits and, therefore, it has been medically determined that he is unable to "engage in any substantial gainful activity" (42 USC § 423 [d] [1] [A]; § 1382c [a] [3] [A]). Based upon our examination of this record and taking into consideration respondent's lack of resources and earning capacity, we find that he does not have the present ability to pay the mother's birth-related expenses and, accordingly, we are constrained to reverse and dismiss the petition.

CARDONA, P. J., MIKOLL, CREW III and WHITE, JJ., concur.

Ordered that the order is reversed, on the law, without costs, and petition dismissed.