■ In the Matter of WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of KAROLE J. VAN DUSEN, Appellant, v PETER PETTY, Respondent. In the Matter of WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of KIMBERLY DEPUYT, Appellant, v IAN GRANDY, Respondent. In the Matter of WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JESSICA DIEHL, Appellant, v DONALD DAVENPORT, JR., Respondent. In the Matter of WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of HEATHER L. WINNER, Appellant, v CHARLES A. LORD, Respondent. In the Matter of WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of AMIE J. WOODARD, Appellant, v CHARLES DERIDDER, JR., Respondent. In the Matter of WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of CONNIE M. SCOUTEN, Appellant, v MARTIN HERNANDES, Respondent. In the Matter of WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of STACIE MCDONALD, Appellant, v RICHARD SINCERBEAUX, JR., Respondent. In the Matter of WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of TAMMY THRASH, Appellant, v OTIS KNIGHT, Respondent. [709 NYS2d 791] Order reversed on the law without costs, objections granted, orders of Hearing Examiner vacated, petitions reinstated and matter remitted to Wayne County Family Court for further proceedings on the petitions. Memorandum: Petitioner appeals from an order of Family Court denying its objections to the orders of the Hearing Examiner. The Hearing Examiner dismissed the petitions seeking

reimbursement for medical assistance expenditures made in connection with the out-of-wedlock births of respondents' children (*see generally, Matter of Steuben County Dept. of Social Servs. v Deats,* 76 NY2d 451). Family Court erred in relying on *Matter of Costello v Geiser* (85 NY2d 103, 111) in denying petitioner's objections to the orders of the Hearing Examiner. The court determined that the failure of petitioner to itemize the expenditures for medical services was fatal to its claims for reimbursement because respondents were liable only for the portion of the medical assistance expenditures made for medical services, not for those portions that compensate for charity allowances and bad debt (*see, Matter of Costello v Geiser, supra,* at 111). Rather, the court should have relied on Family Court Act § 514, which was amended after the Court's decision in *Matter of Costello v Geiser (supra).* Pursuant to section 514, "where the mother's confinement, recovery and expenses in connection with her pregnancy were paid under the medical assistance program on the mother's behalf, the father may be liable to the social services district furnishing such medical assistance and to the state department of social services for the full amount of medical assistance so expended, as the court in its discretion may deem proper." Thus, petitioner is entitled to seek reimbursement for the entire amount of the medical assistance expended in connection with the births, although the court must consider the ability of respondents to pay the expenses at the time of the hearings (*see, Matter of Commissioner of Social Servs. of Franklin County [Rebecca G.] v Bernard B.,* 87 NY2d 61, 68-69).

Finally, we conclude that the certified computer generated records submitted by petitioner, kept in the ordinary course of business, are admissible in evidence and are prima facie evidence of the medical assistance expenditures made by petitioner (*see,* CPLR 4518 [a], [g]; *see also,* Prince, Richardson on Evidence § 8-303 [Farrell 11th ed]).

We therefore reverse the order, grant the objections, vacate the orders of the Hearing Examiner, reinstate the petitions, and remit the matter to Wayne County Family Court for further proceedings on the petitions.

All concur, Kehoe, J., not participating. (Appeal from Order of Wayne County Family Court, Parenti, J.—Support.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Kehoe, JJ.