■ In the Matter of JOHN P. O'NEILL, as Commissioner of the Essex County Department of Social Services, on Behalf of CHRIS WW., Respondent, v RAYMOND XX., Appellant. [732 NYS2d 743] —Cardona, P. J. Appeal from an order of the Family Court of Essex County (Halloran, J.), entered October 3, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to comply with a prior support order and to reimburse petitioner for certain medical expenses.

Respondent and Chris WW. are the parents of two minor children, born in 1984 and 1987, who have resided with Chris WW. at all relevant times involved in this proceeding. In January 1997, a Hearing Examiner made certain findings of fact and an order relative to a child support petition filed by Chris WW. Respondent was, *inter alia*, found to be responsible for 100% of the combined parental income and ordered to pay $78 per week in child support. Furthermore, respondent and Chris WW. were directed to share the costs of reasonable and necessary medical expenses not covered by medical insurance in the same proportion, thus making respondent 100% responsible for such costs.

From August 10, 1999 through November 15, 1999, the children incurred $538.58 in medical expenses which were paid by petitioner through the Medicaid program. Petitioner, thereafter, instituted this proceeding seeking to obtain reimbursement for the payments. At the hearing, respondent testified that he did not have sufficient means to pay. He indicated, *inter alia*, that he earned approximately $23,000 per year and could not afford private medical insurance. He stated that he and his girlfriend have twins, born in 1994, and he resides with, and supports, the twins and his girlfriend as well as another child of his girlfriend. According to respondent, the twins are enrolled in Medicaid or Child Health Plus programs based on his income. Respondent also testified that, in addition to the child support payments he was making, he was also reimbursing petitioner $15 per week for the Medicaid costs associated with the birth expenses of the twins. The Hearing Examiner

determined that respondent was obligated under the January 1997 order to reimburse petitioner for the requested medical expenses and directed him to pay $25 per month until the amount was paid. Respondent filed objections to the Hearing Examiner's determinations which were denied by Family Court, resulting in this appeal.

Initially, we are unpersuaded by respondent's argument that he cannot be liable for the uncovered medical costs because Medicaid is a form of medical insurance. Medicaid is not medical insurance in the traditional sense in that it is a joint Federal-State program designed to provide care as a last resort for those persons whose income and resources are insufficient to meet the costs of that care (*see*, 42 USC § 1396; *see also*, *Matter of Steuben County Dept. of Social Servs. v Deats*, 76 NY2d 451, 454-455). Accordingly, respondent's contention that his children's expenses were "covered" under the Medicaid program and, therefore, could not be recouped, lacks merit.

Next, respondent contends that Family Court misapplied applicable law by not considering respondent, as the children's father, to be a "responsible relative" under the Federal Medicaid program who is liable under an "implied contract" theory for reimbursement of his children's medical expenses under the standard which is set forth in Social Services Law § 366 and analyzed in *Matter of Steuben County Dept. of Social Servs. v Deats* (*supra*). Due to the fact that a statutory implied contract is not created "where the 'responsible relative' is without sufficient income and resources at the time the department furnishes the assistance to his [or her] child" (*id.*, at 458-459), respondent maintains that Family Court erred in not dismissing the petition based upon the proof detailing his limited resources at that time.

The above analysis is inapplicable herein since we are not presented with the same situation as existed in *Deats* and cases such as *Matter of Delaware County Dept. of Social Servs. [Fitch] v Fitch* (271 AD2d 838) by reason of the support order that was entered in 1997 setting forth respondent's responsibilities (*see*, Social Services Law § 101 [1]; § 102 [1]; § 366 [3] [c]). That order was in full force and effect when this enforcement proceeding was presented to Family Court. Therefore, there was no need for petitioner to seek reimbursement from respondent by way of an implied contract theory.

Lastly, although respondent maintains that insufficient attention was given to his claim of lack of sufficient means, we note that consideration of his ability to pay was demonstrated by the order which directed payments at $25 per month.

Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.