■ COMMISSIONER OF THE DEPARTMENT OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant, v JOSEPH MORELLO, JR., Respondent. [779 NYS2d 61]—

Judgment, Supreme Court, New York County (Saralee Evans, J.), entered July 22, 2002, after a nonjury trial, awarding plaintiff the principal amount of $12,734, and bringing up for review an order, same court and Justice, entered June 24, 2002, which granted defendant's cross motion for summary judgment to the extent of excluding the value of certain real property owned by defendant from inclusion as an asset available to defray the cost of medical care provided to defendant's wife, reversed, on the law, without costs, defendant's cross motion denied and plaintiff's motion for summary judgment in the amount of $133,094.58, representing the full amount of Medicaid provided to defendant's wife from December 27, 1993 through August 7, 1995, together with interest at the statutory rate from September 18, 1996, granted. The Clerk is directed to enter judgment accordingly.

The trial court held that the house conveyed to defendant by his father upon the express condition that the father was to live there for the remainder of his life cannot be considered an available resource for purpose of Medicaid reimbursement. Such holding is based on the conclusion that, as the relative responsible for his wife's care, defendant lacked the right to dispose of the house "at the time the department furnishe[d] the assistance." However, the only basis for such conclusion is an affidavit of a Nassau County real estate attorney to the effect that there is no market for a remainder interest in the house because "[n]o title company would insure such a conveyance, no lender would make a loan on such a conveyance; and such an investment by a proposed purchaser is so speculative, so uncertain, and so risky in light of the fact that title would be

uninsurable, that there simply is no market for the sale of such an interest."

Such affidavit can, at best, be considered an expert opinion to be accepted or rejected by the trier of fact. However, other than stating that, in more than 17 years of practice and 7,000 real estate transactions, and as a regional representative of 12 separate commercial lenders, not a single one of those transactions involved the sale of a remainder interest in real property that was encumbered by a constructive trust, the attorney fails to provide any basis for such opinion. His conclusory opinion was, therefore, without probative value and insufficient to raise a triable issue of fact to defeat plaintiff's motion for summary judgment, let alone warrant granting summary judgment to defendant (*see Bean v Ruppert Towers Hous. Co.*, 274 AD2d 305, 308 [2000]).

On the other hand, plaintiff's motion for summary judgment is supported by defendant's own budget worksheet, dated February 16, 1994, in which he listed both the value of the house and his share of that value at $205,000. Relying upon the admitted market value of the house in January 1994, multiplied by the applicable percentage indicated by the life estate and remainder interest table published by the Federal Health Care Financing Administration for the age of defendant's father at the time, plaintiff calculated defendant's remainder interest in the house to be $152,169.45, which calculation or amount was not contested other than by the conclusory opinion of defendant's expert.

Such opinion defies common sense and flies in the face of the fairly common practice of purchasing residential properties burdened with various restrictions, including life tenancies. For example, in New York City, it is not uncommon for speculative buyers to purchase apartments already occupied by nonpurchasing, rent controlled or rent stabilized tenants in buildings which have been converted to cooperative ownership.

While our dissenting colleagues agree that defendant's remainder interest in his father's home was an available resource, they would remand the matter to determine its value. However, as previously noted, in response to plaintiff's motion for summary judgment, defendant did not contest plaintiff's calculation of the value of defendant's remainder interest, but took the now discredited position that such interest cannot be considered an available resource. To remand the matter for further valuation would give defendant the proverbial second bite at the apple. As to the market for remainder interests in single family homes outside New York City, the article alluded to in

the partial dissent describes life estates similar to the one at issue on this appeal as "the flavor of the month," does not limit their use to New York City co-ops, and indicates that they are common enough on Long Island to have generated litigation in the Second Department (Bagwell, *Life Estates: Latest Legal Fad Gives Title Underwriters Trouble*, NYLJ, Feb. 11, 2004, at 5, col 2). Concur—Nardelli, J.P., Andrias and Sullivan, JJ.

Mazzarelli and Lerner, JJ., concur in part and dissent in part in a memorandum by Mazzarelli, J., as follows: I agree with the majority that Joseph Morello, Jr.'s remainder interest in his father's home is an asset which should be considered in determining his responsibility for his wife's Medicaid benefits. However, I would remand for a hearing to determine the value, if any, of that property interest during the relevant period, between December 1993 and August 1995, when defendant's wife was receiving government assistance (*see Matter of Commissioner of Social Servs. v Bernard B.*, 87 NY2d 61 [1995]).

Plaintiff sets the value of defendant's remainder interest based upon a March 1996 life estate and remainder interest table, published by the United States Health Care Financing Administration, and relied upon by the New York State Department of Social Services. The table calculates that where, as here, the life tenant was 92 years old on the date of appraisal, which took place in March 1994, the remainder interest is worth 74.2% of the property's unencumbered market value. The property was assessed to be worth $205,000, and, applying the table, plaintiff asserts that defendant possessed a $152,169.45 remainder interest. Although this table may prove a useful guide, I disagree with the majority's conclusion that it establishes, as a matter of law, the value of defendant's remainder interest.

The majority asserts that remanding this case for a valuation of defendant's remainder interest would unfairly benefit the defendant, because defendant asserted, in response to plaintiff's motion for summary judgment, that his father's property was not an "available resource." I disagree.

Remanding the case for consideration of whether there is a viable market for defendant's remainder interest in a single family home in Nassau County, Long Island, merely recognizes the impact of variables not reflected in plaintiff's table which are integral to an accurate value, if any, of defendant's remainder interest, at the time his wife was receiving Medicaid. Such variables include the cost to a prospective purchaser of obtaining mortgage and title insurance for property encumbered by a life estate. Accordingly, I would not discard the affidavit of

plaintiff's expert, an experienced Nassau County real estate attorney, out of hand (*see* Bagwell, *Life Estates: Latest Legal Fad Gives Title Underwriters Trouble*, NYLJ, Feb. 11, 2004, at 5, col 2). With respect to the majority's concern about allowing the defendant undue advantage, it should be noted that defendant had been candid with the agency throughout these proceedings. In fact, he listed the full $205,000 value of his father's property on his wife's Medicaid budget worksheet, notwithstanding the fact that this property was encumbered by his father's life estate.

Finally, the majority has taken judicial notice of the practice in New York City of selling converted co-op apartments to speculators, where the apartments are occupied by nonpurchasing rent controlled or rent stabilized tenants. While this practice exists in New York City, I do not agree that it is determinative of the facts in this case, where the defendant is the proposed seller of a remainder interest in a single family home outside New York City.

Federal regulations expressly provide that "[i]f [an] individual has the right, authority or power to liquidate the property or his or her share of the property, it is considered a resource. If a property right cannot be liquidated, the property will not be considered a resource" (20 CFR 416.1201 [a] [1]). Because there are outstanding factual issues specific to the liquidity and value of defendant's interest, which preclude resolution of plaintiff's motion on the extant record, I would remand for further proceedings.