Dear Representative Auffet
¶ 0 This office has received a request from your predecessor, Representative Larry E. Adair, for an official Attorney General Opinion in which he asked, in effect, the following questions:
 1. When a hospital which has a reimbursement contract with the Oklahoma Health Care Authority provides services to an eligible Medicaid recipient, is the hospital required to bill the Oklahoma Health Care Authority or may it pursue payment from other available resources, such as the recipient's insurance carrier or a liability insurance carrier?
 2. If the hospital is unaware of "other available resources" until after it has submitted a claim to and been paid by the Oklahoma Health Care Authority, may that hospital return the payment to the Health Care Authority and recover its costs from the "other available resources?"
¶ 1 The answer to these questions requires consideration of the applicable federal statutes, regulations promulgated by the United States Department of Health and Human Services, Oklahoma statutes, an administrative rule of the Oklahoma Health Care Authority ("OHCA"), language in the contracts between OHCA and providers of services, and case law.
¶ 2 Medicaid is a cooperative program financed jointly by federal and state governments. Its purpose is to provide medical and hospital care to various groups within the population, particularly low-income persons who are children, pregnant, elderly, blind or otherwise disabled. 42 U.S.C. § 1396 (1992). The program is voluntary and states are not required to participate; however, once a state elects to participate it must comply with the requirements of the Federal Medicaid Act and regulations of the Department of Health and Human Services.Wilder v. Va. Hosp. Ass'n, 496 U.S. 498, 502 (1990); EvergreenPresbyterian Ministries, Inc. v. Hood, 235 F.3d 908, 915 (5th Cir. 2000).
¶ 3 Among other matters the Federal Medicaid Act requires a participating state to develop a state plan which explains in detail how the state will administer the Medicaid program within its borders. See 42 U.S.C. § 1396a(a) (2003). This plan must be submitted to and approved by the Secretary of the Department of Health and Human Services. Id. § 1396 (1992).
¶ 4 The State of Oklahoma has chosen to participate in the Medicaid program and has designated OHCA to administer the program. 63 O.S. Supp. 2004, § 5009[63-5009](B). Oklahoma statutes authorize OHCA to enter into contracts with various providers of hospital and other medical and nursing services, and to promulgate rules to implement the state plan. Id. §§ 5007(F), 5009(B)(1); 63 O.S. 2001, § 5006[63-5006](A).
 Medicaid Is The Payer Of Last Resort
¶ 5 Title 42 U.S.C. § 1396a(a)(25)(A) requires state agencies that administer the Medicaid Act to "take all reasonable measures to ascertain the legal liability of third parties . . . to pay for care and services available under the plan. . . ." Third parties include health insurers, group health plans and health maintenance organizations.
¶ 6 By administrative rule OHCA has implemented the mandate of the federal statute. Rule OAC 317:30-3-24 states, in pertinent part, "[a]s the Medicaid Agency, OHCA is the last resource for payment. When other resources are available, those resources must first be utilized."
¶ 7 The rule expands on this general statement in the following language:
 (1) When a provider is aware of private insurance or liability, a claim must first be filed with that source. . . .
 (2) It is possible that other resources are available but are unknown to OHCA. Providers should routinely question Medicaid patients to determine whether any other resources are available.
Id.
¶ 8 Case law emphasizes Congress intends that all other available resources for payment be utilized before Medicaid pays for the care of an individual who is eligible for services under the Medicaid Act. See N.Y. State Dep't of Soc. Serv. v. Bowen,846 F.2d 129, 134 (2d Cir. 1988); Steuben County Dep't of Soc.Serv. v. Deats, 560 N.E.2d 760, 761 (N.Y. 1990).
¶ 9 To aid OHCA in determining the existence of insurance coverage the Legislature enacted 63 O.S. Supp. 2004, § 5051.5[63-5051.5](A), which allows OHCA to obtain information from "any entity that provides health insurance in this state" regarding existing coverage for individuals who apply for benefits under the Medicaid program.
¶ 10 The applicable federal and Oklahoma statutes, as well as the rule of OHCA, require that a hospital make reasonable efforts to obtain payment for services provided to a Medicaid recipient from all other available sources before it submits a bill for such services to OHCA. It is only after such other sources are determined to be nonexistent or exhausted that OHCA may be billed.
 Only The Health Care Authority May Pursue Recovery From Other Sources Once Medicaid Benefits Are Paid
¶ 11 Title 42 U.S.C. § 1396k(a)(1)(A) mandates that the state plan provide that as a condition of eligibility for Medicaid benefits an individual must assign to the state any rights he or she may have to payment from any third party.
¶ 12 The Legislature has codified this requirement in 63 O.S. 2001, § 5051.1[63-5051.1](A), which states in pertinent part that payment of Medicaid expenses for injury or disease which result from negligence by another "creates a debt to the Authority." In addition, Section 5051.2(A) provides that when OHCA "pays for medical services or renders medical services, for or on behalf of a person who has been injured or suffered an illness or disease, the right of the provider of the services to reimbursement shall be automatically assigned to the Oklahoma Health Care Authority." Thus, Oklahoma statutes create both a right of subrogation and assignment rights in OHCA.
¶ 13 The effect under Oklahoma statutes is that only OHCA has the right to attempt recovery after it has paid for Medicaid services. Neither the recipient nor the provider has any right to further payment from any source for the services.
¶ 14 Health care providers are aware of this situation because of prior notice. A state plan must include a provision that limits participation in the Medicaid program to those providers who accept the amounts paid by the administering state agency as payment in full. 42 C.F.R. § 447.15 (1985). The OHCA includes in OAC 317:30-3-24(3) the provision that "[b]y accepting the Authority's payment, the provider agrees to accept the reasonable charge as payment in full." In addition, OHCA's model agreement form with providers contains a term which says "payments made by OHCA shall be considered payment in full for all covered services."[1] It should be noted that the rates of payment allowed by OHCA are established pursuant to42 U.S.C. § 1396a(a)(13)(A), which requires public hearings and other procedures subject to review and approval by the Secretary of the Department of Health and Human Services.
¶ 15 If a provider receives payment from a third party after having received payment by OHCA, the provider must reimburse OHCA for its payment and pay any remaining balance to the patient. OAC317:30-3-24(3) (1999). The provider is only permitted to retain amounts, if any, charged for services not covered under the Medicaid Act. Id.
¶ 16 By the provisions of the federal and Oklahoma statutes, a hospital is not allowed to seek any further recovery after it has received payment for Medicaid services from OHCA. The OHCA is subrogated to any rights the Medicaid recipient may have and the hospital has assigned to OHCA any rights it might have.
¶ 17 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A hospital which provides services to a Medicaid recipient is required to seek and pursue payment from all other sources before it makes a claim with the Oklahoma Health Care Authority. 42 U.S.C. § 1396a(a)(25) (2003); OAC 317:30-3-24(2) (1999).
 2. A hospital may not recover any payment other than that paid by the Oklahoma Health Care Authority for services provided to a Medicaid recipient. 42 U.S.C. § 1396k(a)(1)(A) (1992); 42 C.F.R. § 447.15; 63 O.S. 2001, § 5051.2(A); OAC 317:30-3-24(3) (1999).
 3. If a hospital receives payment from a third party after it has been paid by the Oklahoma Health Care Authority, it must reimburse the Health Care Authority to the extent of its payment and refund any remaining balance to the patient. OAC 317:30-3-24(3) (1999). The hospital may only retain that portion of the balance which will reimburse it for services, if any, which are not covered by the Medicaid Act. Id.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 WAYNE L. JOHNSON Assistant Attorney General
[1] 1 Agreement between Oklahoma Health Care Authority and Hospital, art. IV. Scope of Work, 4.1(e) Payment, p. 5 (photocopy on file with the Okla. Attorney General's Office).