■ In the Matter of MEREDITH R. SEYMOUR, as Commissioner of Social Services, on Behalf of KARRIE L.W., Appellant, v DAVID P.M., Respondent. [823 NYS2d 321]—

Appeal from an order of the Family Court, Chautauqua County (Stephen W. Cass, A.J.), entered July 19, 2005 in a proceeding pursuant to Family Court Act article 4. The order denied petitioner's objections to an order of the Support Magistrate entered April 22, 2005.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking reimbursement pursuant to Family Court Act §§ 514 and 545 for the expenses incurred by Karrie L.W. (mother) in connection with her confinement during her pregnancy with respondent's child. The mother was the recipient of Medicaid benefits for several years prior to her pregnancy and was enrolled by petitioner in a managed care program for which petitioner paid the monthly premiums. The mother's enrollment in the managed care program continued throughout the pregnancy but was replaced, prior to the birth, by private insurance. We conclude that Family Court properly determined that the managed care premiums paid by petitioner during the pregnancy were not confinement expenses within the meaning of the Family Court Act.

"Medicaid is a jointly funded Federal and State medical assistance program, established by title XIX of the Social Security Act. It pays for necessary medical care for qualifying indigent individuals, whose income and resources are insufficient to meet the costs of their medical care . . . . The State must particularly 'take all reasonable measures to ascertain the legal liability of third parties . . . to pay for care and services available under the plan' . . . and must seek reimbursement from such third parties . . . . This requirement furthers the ultimate goal of Medicaid—that the program 'be the payer of last resort' " (*Matter of Costello v Geiser*, 85 NY2d 103, 105-106 [1995]). Pursuant to Family Court Act § 545 (1) (ii), the court in a proceeding in which it has made an order of filiation may direct the father of the child to pay "the necessary expenses incurred by or for the mother in connection with her confinement and recovery" (*see Matter of Steuben County Dept. of Social Servs. v Deats*, 76 NY2d 451, 455 [1990]). Pursuant to Family Court Act § 514, "where the mother's confinement, recovery and expenses in connection with her pregnancy were paid under the medical assistance program on the mother's behalf, the father may be liable to the social services district furnishing such medical assistance and to the state department of social services for the full amount of medical assistance so expended, as the court in its discretion may deem proper." Social Services Law § 366 (4) (h) (1) (ii) requires a Medicaid recipient "to assign to the appropriate social services official or department" the right to recoup the costs of Medicaid benefits.

Here, petitioner had enrolled the mother in the managed care program for several years prior to her pregnancy. Petitioner did

not enroll the mother *because* she was pregnant, and the mother's medical expenses, including those unrelated to confinement, were covered by the managed care program. We thus agree with the court's determination that the managed care premiums provided to the mother during the months in which she also happened to be pregnant did not constitute a recoverable expense incurred in connection with the mother's confinement. The relief sought by petitioner must be effected by legislative action, and we note that this issue is likely to recur because of the economic benefits of enrolling Medicaid recipients in managed care programs. Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.